[S. F. No. 8944.   In Bank.—June 16, 1921.]

## AUGUST G. SCHEUERMANN, Appellant, v. HENRY F. KUETEMEYER et al., Respondents.

[1] NEGLIGENCE—COLLISION OF AUTOMOBILE WITH PEDESTRIAN—EVIDENCE—ERRONEOUS NONSUIT.—In an action for personal injuries received as a result of being struck by an automobile, it was error to grant a motion for a nonsuit at the close of plaintiff's case, where the evidence showed that in broad daylight, about 12 o'clock noon, plaintiff was walking along a public highway, on his own side of the road and off the paved portion ordinarily used by machines, when he was suddenly struck from behind by defendants' automobile that had come upon him without any warning of its approach, and with which there was apparently nothing wrong, notwithstanding there was no evidence showing exactly how the collision happened.

[2] NONSUIT—SUFFICIENCY OF EVIDENCE.—While the proof must be sufficient to raise more than a mere conjecture or surmise that the fact is as alleged, yet, where the evidence is such that a rational, well-constructed mind can reasonably draw from it the conclusion that the fact exists, it is a sufficient answer to a motion for nonsuit.

APPEAL from a judgment of the Superior Court of Alameda County.   William S. Wells, Judge.   Reversed.

The facts are stated in the opinion of the court.

F. A. Berlin for Appellant.

Chas. E. Snook and George M. Naus for Respondents.

ANGELLOTTI, C. J.—This action was brought by plaintiff to recover damages for personal injuries received by him as a result of being struck by an automobile driven

---

1. *Res ipsa loquitur* as applied to automobile accident, notes, 5 A. L. R. 1240; 12 A. L. R. 668.

by Mildred Kuetemeyer, the wife of her codefendant. The automobile, according to the testimony of Mrs. Kuetemeyer, was bought from the earnings of her husband and was owned by her husband and herself. The accident was alleged to be due to the negligent operation of the automobile. At the close of the plaintiff's case, a motion for a nonsuit was made by defendants and this motion was granted by the court. Plaintiff appeals from this judgment of nonsuit.

The only ground specified for a nonsuit that is discussed in any of the briefs, or that merits consideration, is the failure of the evidence to sufficiently show any negligence in the operation of the automobile.

Plaintiff's case, as shown by the evidence introduced on his behalf, may be stated in comparatively few words. On June 14, 1917, some time between 11 A. M. and noon, the plaintiff, returning from a call upon a relative, was walking in a westerly direction upon a public highway leading from Niles to Hayward, in Alameda County, at a point near Hayward. The highway was twenty-four feet wide, and consisted of a paved strip sixteen or eighteen feet wide, and, on each side of this strip, a strip of gravel and cement three or four feet wide. Plaintiff was walking along the gravel strip on the northerly side of this highway, the right-hand side as he walked in a westerly direction. While so walking in a place where, of course, he had the right to be, he was suddenly and without warning violently struck from behind by the automobile driven by Mrs. Kuetemeyer, who was also proceeding in a westerly direction along this highway. The result was that he was thrown to the ground, rendered unconscious, and seriously injured. Having been without warning of the approach of the machine from behind until struck and rendered unconscious, he was not able to disclose further how the thing happened. So far as appears, the only other persons who observed the accident are Mrs. Kuetemeyer and the two ladies who were with her in the automobile, and none of these ladies has testified with relation thereto. Mrs. Kuetemeyer, called by the plaintiff, did testify that she was driving the machine, which was a Ford automobile, at the time of the accident, that it belonged to her husband and herself, that she had a chauffeur's license to drive, that she

had driven a machine about once a week for two months and felt competent to run it, that it was her machine that struck plaintiff, and that the machine was bought from the earnings of her husband. The plaintiff testified that Mr. and Mrs. Kuetemeyer called on him the next day while he was disabled, and that Mrs. Kuetemeyer tried to explain "that she had to get out of the way and run into" him. Mr. Becker, the uncle of plaintiff, to whom plaintiff had made his visit prior to the accident, testified that he was brought back to his place after the accident in defendants' machine, and that Mrs. Kuetemeyer said she wanted to make things right, that they ran the man down and could not help it because there were so many machines together, that she ran the man down and wanted "to make right what is right," that she "run the man down off from the road." A Mr. Lazarus testified that, driving along this road in his own machine, he came to the place of the accident and stopped there owing to the presence of "a lot of machines and more or less excitement." He found defendants' machine turned "right across the road," the front wheel "more or less in the gutter," the plaintiff in the machine, apparently injured and dazed, and Mrs. Kuetemeyer standing beside it. Someone asked him to turn the machine around and he did so and put it on the road. It is conceded, of course, that the width of the paved portion of the road was ample to permit two machines to pass.

[1] While the evidence introduced by plaintiff did not show exactly how it was that Mrs. Kuetemeyer happened to allow her machine to come into contact with plaintiff, we are utterly unable to perceive any good reason for holding that it did not make a sufficient *prima facie* case of negligence in the matter of her operation of the machine to go to a jury or trial judge for determination of the fact. Of course, it cannot be disputed that the motion for a nonsuit admitted the truth of the evidence in behalf of plaintiff and every inference of fact that might reasonably be drawn therefrom. [2] It is true, as was said in *Janin v. London etc. Bank,* 92 Cal. 14, 27, [27 Am. St. Rep. 82, 14 L. R. A. 320, 27 Pac. 1100], that the proof must be sufficient to raise more than a mere conjecture or surmise that the fact is as alleged, and that "it must be such that a rational, well-constructed mind can reasonably draw from it the con-

clusion that the fact exists,'' but where the evidence is such that ''a rational, well-constructed mind can reasonably draw from it the conclusion that the fact exists,'' it is a sufficient answer to a motion for nonsuit. We are not concerned here with any question of the application of the doctrine of *res ipsa loquitur*, as to which a great deal is said in the briefs. The simple question is whether the matters appearing are such as to reasonably warrant, in the absence of any explanation or denial, an inference of negligence on the part of the driver of the car. We venture to say that it seems to us to be the natural inference and that any conclusion to the contrary *would* be based on pure conjecture and surmise. In broad daylight, about 12 o'clock noon, a pedestrian is walking along a public highway, on his own side of the road and off the paved portion ordinarily used by machines, when he is suddenly struck from behind by an automobile that has come upon him without any warning of its approach. There is nothing to indicate any basis for a conclusion of negligence on his part. The driver of the machine is at its wheel, and there is nothing to indicate that there was anything wrong about the machine itself. In fact, it does appear that it was driven away after the accident. The paved portion of the highway was amply wide for the passage of two automobiles. There is testimony that the driver had admitted that she ran plaintiff down ''off from the road,'' but could not help doing so, the explanation why she could not being most general and very vague. Her own testimony showed that she was a comparatively inexperienced driver, having driven the machine only about once a week for two months. There was nothing to indicate the existence of any emergency requiring the driver to leave the paved portion of the highway. The thing that happened, the leaving of its course by an automobile and the running down by it from behind of a pedestrian who is lawfully pursuing his way along the unpaved portion of the highway, in entire ignorance of its approach and without any negligence whatever on his part, is certainly not a thing that ordinarily happens if the driver is exercising due care, that is, if there is nothing wrong with the machine itself. We have seen that there was apparently nothing wrong with the machine. In determining in favor of plaintiff the question of the

correctness of the ruling of the trial court in granting the motion for a nonsuit it is not essential to hold that the evidence on his behalf created a "presumption" of negligence on the part of the driver, or, uncontradicted, as matter of law established his case, but simply that it was such as to warrant the jury or trial judge, as reasonable men, to infer therefrom that the accident was due to negligence on the part of the driver of the car. That it was such we have no doubt whatever.

Learned counsel for respondents relies particularly upon three decisions of this court, none of which appears to us to be at variance with our conclusion. In *Tower* v. *Humboldt Transit Co.*, 176 Cal. 602, [169 Pac. 227], a streetcar, operated on railway tracks, had run into the plaintiff as she lay partly on one of the rails, unconscious because of having fainted while crossing the track, she said. It was dark or between dusk and dark. There was a conflict in the evidence on the question of negligence on the part of the employees of the defendant. They claimed that, though exercising reasonable care, they did not see her in time to avoid the accident. Under these circumstances the trial judge instructed the jury in such a way as to apply the doctrine of *res ipsa loquitur*, the effect of the instruction being, as said by this court, to make "mere proof of the accident suffice to impose on the defendant responsibility for such injury." Upon the facts of that case it was held, as is clear, that "the instruction was inapplicable, and therefore misleading." Manifestly, the strictures of the court as to the instruction were correct. The court did not intimate that the evidence was not sufficient to support a verdict in plaintiff's favor, and expressly said so. In *Diamond* v. *Weyerhaeuser*, 178 Cal. 540, [174 Pac. 38], there was a collision between the wagon on which plaintiff was riding and the defendant's automobile. The trial court directed a verdict in defendant's favor. It was said that in that kind of a case "negligence is not to be inferred from the mere fact of injury," or from the mere fact of collision producing an injury, which is, of course, true, not only as to that case, but as to this also. The court said: "The testimony on behalf of plaintiff was very indefinite, and, giving it all the weight which it could fairly bear, it went no further than to show that there had been a collision

between the wagon and the automobile. *There was a total lack of proof of any circumstances from which it might be inferred that the collision was caused by any want of care on the part of the driver of the automobile, rather than by the negligence of the driver of the wagon, or by accident without fault on the part of anyone."* (Italics ours.) A very different situation is here presented, as we have seen. Here it is certainly true that if the motion for a nonsuit had been denied, and the defendants had failed to offer any evidence, the evidence on behalf of plaintiff, in the absence of any attempt at explanation by defendants, would have furnished ample support for a decision in his favor. In *Depons* v. *Ariss,* 182 Cal. 485, [188 Pac. 797], an appeal from a judgment on the merits in favor of the defendants, it was correctly said that in this state negligence is not presumed from the *mere fact of injury,* and it was held that negligence could not be implied from the particular circumstances surrounding the accident, as shown by the evidence in the case. In other words, the circumstances of *that* case were not such as to reasonably warrant an inference of negligence. A reading of the opinion will demonstrate the material difference in facts between that case and this. It must be held that the trial court erred in granting the motion for a nonsuit.

The judgment is reversed.

Olney, J., Wilbur, J., Sloane, J., Lennon, J., Shaw, J., and Lawlor, J., concurred.