[Civ. No. 5797. First Appellate District, Division Two.—September 22, 1927.]

F. H. SMITH, Respondent, v. ARTHUR HOLLANDER et al., Defendants; HATTIE HOLLANDER, Appellant.

Cooley & Gallagher and Cooley, Crowley & Gallagher for Appellant.

Henry Eickhoff, Jr., and Gregory A. Harrison for Respondent.

KOFORD, P. J.—Appellant, Hattie Hollander, appeals from a judgment awarding damages for personal injuries sustained by plaintiff in being struck by said appellant's automobile. Her co-defendant, Arthur Hollander, was granted a nonsuit.

The proof offered by the plaintiff was as follows: While walking westerly on the south sidewalk of Post Street, plaintiff was struck and injured by appellant's automobile, which ran on to the sidewalk unawares from behind him. He did not see it approach nor hear any horn or warning signal. The only eye-witness for the plaintiff testified:

"I saw (the) automobile coming down Post Street going west, and I saw it suddenly skid completely around and go

right on the sidewalk and knock (plaintiff) down, and back up across the street and go on the other sidewalk and stop. A building stopped it. . . . The street was wet.''

Plaintiff's wife testified to a telephone conversation with appellant in which the latter said that she had lost control of her machine from Van Ness Avenue to Buchanan Street. This was all the testimony offered by plaintiff in chief concerning the manner of the accident. A motion for a nonsuit by appellant was denied. Apart from the application of the doctrine of *res ipsa loquitur*, the evidence warranted the submission of the case to the jury upon the question of whether defendant was negligent in not giving a suitable warning signal.

Defendant Arthur Hollander testified on behalf of appellant and himself that a misty rain had fallen for a period of about fifteen minutes, and that the street was still wet at the time of the accident; that appellant's automobile was traveling on Post Street from Van Ness Avenue at a speed of not more than fifteen miles per hour in a straight course and in second gear; that about one hundred feet east of Buchanan Street the forward end of the automobile suddenly skidded toward the left, ran on to the south or his left-hand sidewalk, and struck the plaintiff. Appellant's testimony was substantially the same. She was the driver and testified that, when the skidding commenced there was nothing for her to do to bring the car back into control; that all she did was to hold on to the steering-wheel. This was all the testimony for the defendants and appellant concerning the cause of the accident. There is, therefore, no direct proof of what particular act or omission on the part of the appellant, driver of the car, caused it to skid and run upon the sidewalk.

No contributory negligence was pleaded. Negligence was pleaded generally. The complaint alleged that the defendant negligently operated, handled, and drove an automobile, causing it to run upon the sidewalk and strike and knock plaintiff down from behind and that plaintiff had no warning of any kind or knowledge of his danger prior to said collision. The plaintiff relied on the doctrine of *res ipsa loquitur*. Some of the instructions given, when read together, inform the jury that it may infer negligence without knowing the specific act or omission which constituted the negligence, if

it should find from the evidence that defendant's automobile ran upon the sidewalk and struck plaintiff unawares from behind. ▉ When an automobile leaves its accustomed place of travel in the street, runs upon the sidewalk, and there strikes a pedestrian, the doctrine of *res ipsa loquitur* has been generally held to apply. (Berry on Automobiles, 4th ed., sec. 405; Huddy on Automobiles, 7th ed., sec. 512.) In such case all the elements necessary for the application of the doctrine are present. The injured person is not in a position to know the cause of the mishap. The one in control of the instrumentality causing the injury is or should be in a position to know. Such an occurrence does not usually happen in the absence of negligence on the part of the one in control of the automobile. In *Scheuermann* v. *Kuetemeyer,* 186 Cal. 225 [199 Pac. 13], the supreme court held facts similar in principle to those proven in this case, omitting skidding, to constitute a *prima facie* case, and to warrant, in the absence of any explanation or denial, an inference of negligence on the part of the driver of the car. Appellant urges that, conceding the doctrine to apply where the automobile runs upon the sidewalk, nevertheless, we have here the additional fact of skidding on a wet street, which appears both from the case as a whole and from plaintiff's testimony in chief. It is said that skidding may or may not be negligent, and for that reason skidding in and by itself furnishes no evidence of negligence or at least that the fact of skidding is a sufficient explanation for running upon the sidewalk to take the case out of the doctrine of *res ipsa loquitur.*

▉ At most, it was for the jury to decide whether to infer negligence of the appellant from the fact that she came upon the sidewalk with her automobile or whether to decide that, the proof of the skidding of the automobile under the circumstances and in the manner testified to by the witnesses was a sufficient explanation to justify it in deciding that she was not negligent in the operation of her automobile. ▉ "Where the explanation leaves it doubtful as to whether or not the ultimate cause of the injury is the negligence of the party charged, it is proper to instruct the jury as to the *res ipsa loquitur* doctrine." (*Connor* v. *Atchison etc. Ry. Co.,* 189 Cal. 1, 6 [22 A. L. R. 1462, 207 Pac. 378]. See, also, *Seney* v. *Pickwick Stages,* 82 Cal.

App. 226, 255 Pac. 279].) ▇ Where it was proper to instruct on this doctrine it was proper for the court to refuse defendant's requested instructions VIII and IX upon the presumption of defendant's freedom from negligence.

▇ Instruction XV requires the defendant to "overcome" plaintiff's *prima facie* case and XXI states that after proof of plaintiff's *prima facie* case, the burden then shifts to the defendant to show that she was not guilty of negligence. "Burden of proof" and "burden of producing evidence" are not the same, but the use of the one expression instead of the other has been held not to be error. (*Cody* v. *Market Street Ry. Co.*, 148 Cal. 90 [82 Pac. 666]; *Worden* v. *Central Fireproof Bldg. Co.*, 172 Cal. 94 [155 Pac. 839].)

▇ The defendant meets and, therefore, overcomes plaintiff's *prima facie* case when she balances it evenly without proving absence of negligence by a preponderance of the evidence. (*Rathbun* v. *White*, 157 Cal. 252 [107 Pac. 309]; *Scarborough* v. *Urgo*, 191 Cal. 346, 347 [216 Pac. 584].) One way for defendant to meet plaintiff's *prima facie* case is to offer evidence tending to show that plaintiff's injuries were the result of an unavoidable accident. ▇ Defendant's requested instruction III that the defendant was only required to balance evenly the plaintiff's proof and requested instruction V upon unavoidable accident could properly have been given, but we are unable to see that the refusal to give them resulted in a miscarriage of justice in view of the weak explanation of the accident offered on behalf of the appellant and in view of other instructions given properly defining burden of proof.

The instructions contain several indirect assumptions of fact which are assigned as error. This arises from expressions used without conditional qualification, such as the usual "if any." One such expression is "caused by the negligence of the defendant" (in instruction XXII) and several such assumptions of fact are used in instruction XXIII, where the jury is instructed that "such damages include:

"Subdivision 1. The pain and suffering endured ·by the plaintiff, etc.

"Subdivision 2. Any loss sustained by plaintiff by reason of the fact that he has been unable to work up to the present time.

"Subdivision 3. All charges incurred and paid by the plaintiff by reason of the injury; . . . and as well as such charges certain to be reasonably incurred in the future by reason of said injuries.

"Subdivision 6. The mental worry endured by the plaintiff up to the present time, due to his reasonable apprehension of future disability, which reasonable apprehension was the proximate result of his injuries.

"Subdivision 7. The permanent disabillity or lack of capacity for work in the future of the said plaintiff sustained by reason of his said injuries."

 Where the fact can be said to be undisputed in the evidence, such assumption has been held not to constitute error. (24 Cal. Jur., sec. 101, p. 843, cases cited in notes 18 and 19.) In several decisions it has been held that, where the assumption of fact is indirect and inferential, it may be considered as cured by other instructions properly leaving the question to the jury. (*Ingalls* v. *Monte Cristo Oil Co.*, 23 Cal. App. 652, 656 [139 Pac. 97]; *Dawson* v. *Pacific Electric Ry. Co.*, 177 Cal. 268 [170 Pac. 603]; *Anderson* v. *Seropian,* 147 Cal. 201, 216 [81 Pac. 521].)

 The language used follows the wording of the instruction in *Storrs* v. *Los Angeles Traction Co.,* 134 Cal. 91 [66 Pac. 72], although nothing is there said concerning assumption of facts. Some of the claimed assumptions of fact in these instructions are grammatically doubtful. Some of them are upon undisputed facts. All of them are indirect or inferential only, so that they are reconcilable with and cured by other instructions. On petition for rehearing respondent has called attention to such curative instructions, one of which is, "you will distinctly understand that in this charge the court in no manner or form is expressing or desiring to express any opinion on the weight of the evidence or any part of it, or on the truth or falsity of any witnesses' testimony or that any alleged fact in the case is or is not proved." We conclude that notwithstanding the inaccuracies in these instructions, the charge, taken as a whole, did not invade the province of the jury upon any disputed fact in the evidence. Upon rehearing respondent has presented authority and argument to show that instruction XXIII was not erroneous for lacking the element of certainty of future incapacity for work. Inas-

much as appellant has not advanced this as one of her grounds of appeal, it is not necessary to pass upon the point.

 Some of the instructions use the expression "proper care" and "due care," but the instructions elsewhere, XII and XIV, instruct on the degree of care required of defendant and this overcomes the objection.

 There was sufficient foundation for the telephone conversation with defendant. (*Union Const. Co.* v. *Western Union Tel. Co.*, 163 Cal. 298 [125 Pac. 242]; 22 Cor. Jur., sec. 336, p. 302.)

 Defendant's demurrer to the complaint was properly overruled. The injuries detailed in the complaint were specific and detailed enough to advise the defendant of the character of proof to expect. (*Kuhns* v. *Marshall*, 44 Cal. App. 588 [186 Pac. 632].) A demurrer for uncertainty lies for what is said with an uncertain meaning and not for what is omitted. (*Callahan* v. *Broderick*, 124 Cal. 83 [56 Pac. 782].) No description of injuries can be so complete that nothing more can be added.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard, in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 21, 1927.