[Civ. No. 10988. Second Appellate District, Division One.—December 10, 1936.]

MARTHA M. DUNCAN, Appellant, v. J. H. CORDER & SON (a Copartnership) et al., Respondents.

[Civ. No. 10989. Second Appellate District, Division One.—December 10, 1936.]

MARTHA M. DUNCAN et al., Appellants, v. J. H. CORDER & SON (a Copartnership) et al., Respondents.

78

Joseph Anderson and R. E. Parsons for Appellants.

Parker & Stanbury, Harry D. Parker, Raymond G. Stanbury and Vernon W. Hunt for Respondents.

WHITE, J., *pro tem.*—These appeals are prosecuted from judgments based upon verdicts of a jury. By stipulation the two cases were tried together and by agreement both appeals were consolidated for consideration together in this court. The accident out of which these actions arose occurred on the afternoon of August 3, 1935, between 3 and 4 o'clock, on that portion of U. S. Highway No. 99 located between the towns of Gorman and Castaic. This portion of the highway extends in a general northerly and southerly direction, with a six per cent grade from south to north at and near the place of the accident. The highway at and adjacent to the place of the accident is thirty feet wide and divided into three lanes, each lane measuring approximately ten feet in width. The middle lane is separated from the right and left lanes by white lines four inches wide on the pavement. The middle lane is reserved for passing, the easterly lane for traffic going from south to north, and the westerly lane for traffic driving from north to south. The plaintiff Martha M. Duncan was operating a 1929 standard six Dodge sedan owned by her husband,

Arch F. Duncan. Riding with her at the time of the accident were her husband, who was sitting in the front seat with the plaintiff, and a friend, Mrs. Wells, who sat in the rear seat of the car. The width of the Dodge automobile was approximately six feet.

The defendant Lance F. Hawkins, an employee of defendants J. H. Corder and Melvin Corder, copartners doing business as J. H. Corder & Son, was driving a large truck belonging to them. It was a Morland ten-wheeler. The truck weighed 7,400 pounds and the load on the truck weighed 2,200 pounds. The width of the truck varied; measuring from one front fender to the other its width was six feet, but the bed of the truck (on which the loads were carried) was eight feet in width. The defendant operator of the truck sat in an enclosed cab. A head-board, which was wider and higher than the cab, was situated directly in back of the cab, extending two feet beyond either side of the cab. The operator, when sitting in the cab, has no vision to the right rear of the truck.

The defendant Hawkins had driven this particular truck for a year and one month prior to the accident. Immediately prior to and at the time of the accident, both vehicles involved had been and were proceeding in a northerly direction. Prior to the accident both vehicles were being driven in the right-hand lane of the highway. The Dodge automobile was ahead of the truck and traveling at between 20 and 22 miles per hour. The defendant Hawkins first saw the Dodge clearly when the truck approached within 75 feet of the rear of it. When he got to a distance of 50 feet from it, he swung into the middle lane to pass it. When the truck got alongside the Dodge the vehicles collided. After the impact the plaintiff Martha M. Duncan, driver of the Dodge, lost control of her vehicle and it went over the east side of the road down a deep embankment. Arch F. Duncan and Mrs. Wells died as the result of injuries received in the accident, and the plaintiff Martha M. Duncan was very seriously injured. The evidence indicates that the Dodge car was thoroughly wrecked, while the damage suffered by the truck centered in the right-hand corner of the bed thereof. The angle-iron on that corner of the bed was bent back and under three or four inches from normal, and an auxiliary gas tank was jarred loose and caused to fall.

Appellants first complain of the failure of the trial court to give certain of their requested instructions, that the violation of a statute constitutes negligence, and upon the duty imposed by law on the driver of a vehicle, when overtaking and passing another vehicle; secondly, they attack the giving of an instruction directing a verdict for the defendants if the jury found that the defendant operator of the truck was exercising ordinary care, when appellants claim the evidence shows that such operator was guilty of violating the law in not giving an audible warning of his intention to pass the Dodge automobile; thirdly, it is contended by appellants that the court committed reversible error in giving an instruction which appellants claim charged the jury on a controverted question of fact; and finally, appellants claim the court committed reversible error by permitting only part of the testimony to be read to the jury when after submission of the cause to the jury they returned into court and requested the reading of all of the testimony, which appellants claim was conflicting on an issue of fact.

It is claimed on behalf of appellants, in the first place, that the court below erred in refusing to give certain instructions asked by plaintiffs. These instructions, in the first instance, relate to the violation of a statute constituting negligence and to the duties imposed by law upon the driver of a vehicle when overtaking and passing another vehicle. The following instructions were offered by plaintiffs and refused:

''You are hereby instructed that Section 122 of the Motor Vehicle Act of the State of California, in effect at the time of this accident, provided as follows:

'' '(A) Upon all highways of sufficient width, . . . the driver of a vehicle shall drive the same upon the right half of the highway, . . . unless overtaking and passing another vehicle subject to the limitations set forth in section 125.'

''Section 125, Subdivisions (a) and (d) of said Motor Vehicle Act, states as follows:

'' 'Except as otherwise provided in Section 126, the following rules shall govern the overtaking and passing of vehicles:

'' '(a) The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof

at a safe distance and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle.'

" . . .

" ' (d) The driver of an overtaking motor vehicle when traveling outside of a business or residence district and under the conditions where necessary to insure safe operation, shall give audible warning with his horn or other warning device before passing or attempting to pass a vehicle proceeding in the same direction.' "

Upon this subject the trial court instructed the jury as follows:

"You are instructed that the fact that the defendant, Mr. Hawkins, failed to sound a horn is of no consequence in this case unless you find that such omission on his part was a proximate cause of the accident."

"You are hereby instructed that it is the duty of a driver of a motor vehicle to operate his vehicle in such a cautious and prudent manner as not to endanger the life, limb or health of others, and it is the duty of such a driver to have attached to his automobile a horn, or other signal device, in good working order, and it is the duty of said operator to sound a warning at all times and places where necessary for the safety of others."

It is undisputed in the evidence that the horn or sounding device on the defendants' truck was out of order, and that the driver of the truck was unable to and therefore did not give any audible warning with his horn or other warning device before passing or attempting to pass the automobile in which plaintiff Martha M. Duncan was riding. The highway upon which both vehicles were traveling in the same direction was a public highway and the location in question here was not within a business or residence district. It is the contention of respondents that the portion of the herein quoted instructions governing the duty to sound a warning was covered in all material respects by the instruction last above set forth. We are of the opinion that under the facts of this case the general instruction enunciating the duty to sound a warning at all times and places where necessary for the safety of others did not cure the error committed in rejecting the proffered instructions embodying the statutory duty to sound an audible warning by use of a horn or other warning device before passing or attempting to pass a vehicle proceeding in the

same direction. This provision of the Motor Vehicle Act was intended to subserve a good purpose, and doubtless would do so if obeyed. The failure to give audible warning with a horn or other warning device before passing or attempting to pass another vehicle is condemned by the law, and when damages result therefrom the offender must be held to a strict legal accountability.

The failure of any person to perform a duty imposed upon him by statute or other legal authority is always evidence of negligence. Whether it constitutes such negligence as tended proximately to cause the injury to plaintiff is another question. At the trial it was the theory of respondents that the Dodge automobile was negligently turned to its left while respondents' truck was passing it, and that the collision occurred while respondent driver was attempting to swerve to avoid this movement on the part of the automobile; while appellants tried the case upon the theory that their automobile was at all times in its right-hand lane of traffic and was there when the collision occurred. However, the evidence on these issues was in conflict; and while the responsibility to place their own value on contradictory evidence rests upon the jury, and their decision thereon will not be disturbed in an appellate court when the evidence is reasonably susceptible to contradictory inferences being drawn therefrom, still all parties are entitled to appropriate instructions upon all the material issues raised by the pleadings or developed by the evidence. In the case before us respondent truck driver admitted the violation of two provisions of the Motor Vehicle Act, in that his truck was not equipped with a horn in good working order and he did not sound the same nor give warning by the use of any other warning device before passing or attempting to pass appellants' automobile. It is conceded that the accident happened while the truck was passing the other car; and whether the failure of respondent truck driver to perform his statutory duty was the sole proximate cause of the accident was for the jury to determine; but their determination should be guided by proper and correct instructions. "It is an axiomatic truth, that every person while violating an express statute is a wrong-doer, and as such is *ex necessitate* negligent in the eye of the law; and every innocent party whose person is injured by the act which constitutes the violation of the statute is entitled to a civil remedy

for such injury, notwithstanding any redress the public may also have.'' (*Siemers* v. *Eisen,* 54 Cal. 418, 421.)

In our opinion, the giving of a general instruction on the duty to sound a warning at all times where necessary for the safety of others did not cure the error in refusing to give the proffered instruction as to the statutory duty to sound a warning when passing or about to pass another vehicle. We think it is impossible to say under the facts of this case that the failure to give the instructions in question had no part in weighing the balance in favor of respondents and against the appellants.

Appellants complain of the action of the trial court in giving the following instruction:

''If you find in this case that the defendant, Mr. Hawkins, while operating the truck at the time and place involved herein, used ordinary care, then he was not guilty of negligence, even though an accident occurred, and you should so find, because all the law requires of one operating a motor vehicle along a public highway as herein involved is to use the care that an ordinarily prudent person, under the same or similar circumstances, would use, in operating his car, and if you find that Mr. Hawkins did use such care, then, as I have just stated, he was not guilty of negligence and you should so find upon that issue, and your verdict should be against the plaintiffs and in favor of the defendants.''

This instruction should not have been given. Where a driver, as in the instant case, has failed to conform to a statutory requirement, he cannot establish freedom from responsibility on the ground that he acted as a prudent person would have acted. (2 Cal. Jur. Ten-year Supp., sec. 152, pp. 226, 227.)

Respondent further contends that there was no necessity for sounding a horn or giving any warning other than the noise being made by the truck back-firing and the load upon the truck rattling, but this does not excuse the omission to perform a legal duty enjoined upon respondent truck driver by statute. As was said in *Hunt* v. *Los Angeles Ry. Corp.,* 110 Cal. App. 456, 461 [294 Pac. 745], ''Nor under such circumstances does the fact that the operation of the automobile is productive of noise relieve the driver of the duty to give warning where it appears that persons rightfully using the highways are unaware of his approach.''

█ We find no error in the action of the trial court in giving or refusing to give other instructions complained of, nor do we find any merit in appellants' final claim that the trial court committed reversible error by permitting only part of certain testimony to be read to the jury when after submission of the cause the jury returned into court and requested the reading of certain testimony. The record before us indicates that when the reading of the testimony reached a certain point the jurors announced that their desire was satisfied and they wished to hear no more. This being so, the object for which they had come into court was accomplished and the court was justified in ordering the reading stopped. (*United States* v. *Hammond*, 226 Fed. 849, 854.) Appellants did not request the reading of any other testimony, nor did they make any objection or comment whatsoever. If they thought the part of the testimony read was an inadequate response to the jury's request they should have asked for the reading of such other part as they thought relevant and material. (*Miller* v. *Royal Flint Glass Works*, 172 Pa. 70 [33 Atl. 350, 351].)

No other points raised require discussion.

█ Since there is no appeal authorized from an order denying motions for a new trial on facts such as these, the attempted appeals from such orders are dismissed.

For the foregoing reasons, the judgments and each of them are reversed, and both of said causes are remanded for new trial.

York, Acting P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 30, 1936, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 8, 1937.