[Civ. Nos. 11720, 11721. Second Appellate District, Division Two.—
April 19, 1938.]

MARTHA M. DUNCAN et al., Respondents, v. J. H. CORDER & SON (a Copartnership) et al., Appellants.

MARTHA M. DUNCAN, Respondent, v. J. H. CORDER & SON (a Copartnership) et al., Appellants.

Parker & Stanbury, Harry D. Parker and Raymond G. Stanbury for Appellants.

Joseph Anderson, William M. Anderson and R. E. Parsons for Respondents.

WOOD, J.—The above-entitled actions were tried together and the jury returned verdicts in favor of the plaintiffs in both actions. Defendants have appealed from the resulting judgments.

Plaintiff Martha M. Duncan was on August 3, 1935, driving a Dodge automobile on the highway known as the Ridge Route. The accident in question occurred about twelve miles north of Castaic at a point where the highway is divided into three lanes, the center lane being set aside for passing only. Defendant Hawkins was driving a truck owned by defendants Corder & Son. The truck overtook the automobile and in passing it some part of the truck came in contact with the automobile with the result that the automobile was forced over the side of the road and down an embankment. Mrs. Duncan received serious injuries and her husband and a passenger riding with them were killed. The actions have been tried twice. At the first trial verdicts were returned in favor of defendants and upon appeal the judgments were reversed on account of errors of the trial court in instructing the jury. A detailed statement of the facts concerning the accident may be found in the opinion on the former trial. (*Duncan* v. *J. H. Corder & Son,* 18 Cal. App. (2d) 77 [62 Pac. (2d) 1387].)

Defendant Hawkins admitted that the horn on his truck was out of order. He claims that the horn became useless somewhere on the Castaic grade, and that under the provisions of section 93½ of the California Vehicle Act, as then in force, he was justified in proceeding to his home in Tulare without the use of the horn. There is a sharp conflict in the testimony as to the exact location on the highway of the accident. Mrs. Duncan testified that she remained at all times in the right traffic lane but Mr. Hawkins testified that she swerved from the right traffic lane on to the center traffic lane as he was in the act of passing her. Each party claims that the other was negligent.

Defendants contend that the court erred in refusing to give to the jury their instructions Nos. 9, 27, 31, and 35. These instructions are of similar import and No. 9 may be given as an example: "You are instructed that if the defendant, Mr. Hawkins, was proceeding with ordinary care so far as any proximate cause of the accident was concerned, and if there were no circumstances sufficient to warn a person of ordinary prudence in his position to the contrary, then he was entitled to presume that the automobile driven by the plaintiff, Mrs. Duncan, would not be turned from the right-hand traffic lane into the center traffic lane until the

driver thereof, Mrs. Duncan, had first exercised ordinary care to see that such movement could be made in safety and under such circumstances, it would not be negligence for the defendant, Mr. Hawkins, to rely and act upon such presumption.'' Plaintiffs answer this contention with the assertion that the instructions in question were erroneous for the reason that they have the effect of telling the jury that Mrs. Duncan did in fact drive into the center lane whereas her testimony was that she did not do so. Plaintiffs cite *Scandalis* v. *Jenny*, 132 Cal. App. 307, 314 [22 Pac. (2d) 545], wherein the giving of the following instruction was held to be reversible error: ''Even if you find that defendant was not using usual and ordinary care, and was therefore negligent, yet if you find from all of the evidence in the case that the plaintiff immediately preceding the accident which resulted in the injuries to him, was walking or standing on the westerly side of Shasta street, and that while he was so walking or standing, said plaintiff suddenly and without warning ran into and collided with the automobile of the defendant, whose automobile at said time was on the easterly side of Shasta street proceeding northerly, and if you further find from the evidence that the said plaintiff in so acting, failed to exercise that degree of care which a child of his maturity and capacity, under similar circumstances, ordinarily exercises for his own protection, and that in so acting he contributed proximately to the accident which resulted in plaintiff's injuries, then and in that event the plaintiff cannot recover, and your verdict must be in favor of defendant.'' The court pointed out that the question as to which side of the street the automobile was on was taken from the jury. The instructions under attack in the present case are very different from the instruction in the case just referred to. In that case defendant's automobile was referred to by the court as standing on the easterly side of the street. In the instructions now under consideration the court was not asked to instruct the jury that Mrs. Duncan did in fact drive her automobile away from the right-hand traffic lane. Under the proffered instructions that question was to be left for the determination of the jury upon conflicting evidence.

The error in refusing to give the instructions just discussed was made more prejudicial by the fact that the court gave to the jury plaintiff's instruction No. 23 as follows: ''I in-

struct you that the plaintiff, Martha M. Duncan, if lawfully upon the public highway, had the right to assume that all other persons using the highway would also use ordinary care and caution. This rule allows her to assume until the contrary reasonably appears, that the drivers of all other vehicles would obey and abide by the traffic laws and regulations, and that they would use due care and vigilance to avoid inflicting injury to her.'' This instruction is attacked by defendants, who claim that it is not a correct statement of the law. The instruction could doubtless be improved upon and, without deciding whether the court's action in reading it to the jury would call for a reversal of the judgments, it is sufficient to point out that the principle of law therein involved was presented to the jury in behalf of plaintiffs but the same principle was not presented to the jury when requested by defendants.

The judgments are reversed.

Crail, P. J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 12, 1938, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 17, 1938. Curtis, J., and Seawell, J., voted for a hearing.