[Civ. No. 7295. Third Dist. Jan. 16, 1947.]

GUS J. BARONE et al., Respondents, v. LENNIS JONES et al., Appellants.

Hawkins & Hawkins and Lasher B. Gallagher for Appellants.

Robinson & Cornell, C. Ray Robinson, Samuel V. Cornell and Margaret A. Flynn for Respondents.

THOMPSON, J.—The defendants, Lennis Jones and William E. O'Brien, have appealed from a judgment which was rendered against them pursuant to the verdict of a jury, for damages and personal injuries sustained by plaintiffs as the result of driving their automobile into the rear end of a truck and trailer which were left parked on the public highway.

It is conceded that the judgment is supported by the evidence. The appellants, however, contend that the court erred in receiving in evidence photographs of the highway at the scene of the accident which were subsequently taken after material changes of the highway had occurred, and that they were prejudiced by the giving of certain alleged erroneous instructions.

Lennis Jones owned the truck and trailer which were involved in the collision. William E. O'Brien was the operator of those vehicles. They were eight feet in width and their combined length was 54 feet. Their total weight was 19,700 pounds. They were loaded with merchandise weighing 33,000

pounds. The highway was level and straight at the point where the accident occurred. It extended north and south at that place. The paved portion of the highway was 22 feet in width, with a white stripe along the center line. An oiled strip extended, adjacent to the macadam portion, two additional feet in width. Beyond the oiled strip there was a six-foot dirt shoulder extending to the edge of a ditch, on the side where the truck was parked. It was, therefore, 19 feet from the center line of the highway to the ditch. The surface was solid to the edge of the ditch. There is some conflict of evidence in that regard.

March 1, 1945, O'Brien left Oakland about 10 a. m., driving the truck and trailer loaded with creamery bottles. He was traveling southerly. At about 12 :30 p. m., when he reached a point approximately one-half mile south of Crows Landing, a connecting rod broke. He then drove his truck partly off the paved portion of the highway on his right-hand side, and left it parked on the west side of the highway, where it remained for about ten hours. Mr. McCabe, the highway traffic officer, who visited the scene of the accident about half an hour after it occurred, testified that he found the truck parked over the paved portion about five feet. He said he measured the distance ''from the left rear of the body on the trailer to the center stripe'' of the highway, which he found to be ''six feet.''

Mr. O'Brien testified that after he parked his truck, he went to Crows Landing to obtain a connecting rod with which to replace the broken one, but that it was necessary to procure that rod from Oakland; that delivery of the rod could not be made until the following day; that he therefore returned to his truck, about 5 :30 p. m., and placed flare pots or warning signals upon the highway as required by section 590 of the Vehicle Code, after which he again left the machine. There is a conflict of evidence regarding the location of the flares.

About eleven o'clock that night the plaintiff, Gus Barone, accompanied by his wife, drove their Pontiac sedan automobile from Modesto, southerly, on their way to Newman. It was raining and dark. Their machine was in good mechanical condition. They were traveling at the rate of about 35 miles per hour, along their proper side of the highway. After crossing a railroad track and making a slight turn they reached a level straight stretch of the highway in the vicinity of Crows Landing. Suddenly they saw a light 50 or 60 feet ahead of

their machine, which they assumed was the taillight of another car. Mr. Barone immediately applied his brakes, but was unable to stop his machine. It crashed into the rear end of defendants' parked trailer. Their machine was damaged and Mr. and Mrs Barone were seriously injured. Both plaintiffs testified that they saw no flare pot on the highway, and that they did not run over one.

Mr. McCabe, the highway traffic officer, testified that he was notified of the accident, and arrived at the scene of the crash within twenty or twenty-five minutes; that neither the taillight nor the clearance lights on the truck or trailer were burning; that he found one flare about twenty-five feet to the rear of the trailer; that he turned on the taillight and clearance lights on the truck, and carried the flare back to the proper distance of 100 feet behind the trailer and placed it on the highway, and that he also carried the front flare forward and placed it on the highway about 100 feet in front of the truck.

The appellants assign as prejudicial error the admission in evidence, over their objections, of several photographs taken at the scene of the accident, long after it occurred, on the grounds that the highway had been subsequently changed and that the pictures included vehicles which were not present at the time of the collision.

We are of the opinion there was no abuse of discretion on the part of the trial judge in admitting the photographs in evidence. The photographs were not admitted as a stage setting to mislead the jury. They were admitted to show the general condition of the highway with relation to the ditch. The only change in the highway which occurred between the time when the accident occurred and the time when the pictures were taken, was that the oiled gravel border adjacent to the paved portion had been increased from two feet to about three feet in width on either side of the highway. Some vehicles which were passing along the highway, and possibly some which were standing in that vicinity when the pictures were taken, were not there at the time of the accident. All of those changes were particularly explained by witnesses before the photographs were offered in evidence. We cannot perceive how the jury could have been misled or prejudiced by an examination of those pictures. Photographs of the scene of an accident, which fairly depict the condition of a highway with relation to a parallel ditch and other pertinent objects, are not incompetent merely because some un-

important changes are made before the pictures are taken, or that other unrelated objects appear, when such changes are fully explained to the jury so that it will not be misled thereby. (*Bateman* v. *Doughnut Corp. of America,* 63 Cal. App.2d 711, 718 [147 P.2d 404]; *McNair* v. *Berger,* 92 Mont. 441 [15 P.2d 834, 838]; 32 C.J.S. p. 623, § 715.) In the authority last cited it is said:

"The fact that there have been changes in conditions, including even substantial changes, will not necessarily exclude a photograph where the changes can be and are explained, so that the photograph, as explained, will give a correct understanding of the condition existing at the time to which the controversy relates."

In the McNair case, *supra,* the admission of photographs taken two years after a collision of automobiles occurred on a public highway were held to be competent evidence of the condition of the highway at the time of the accident, even when it appeared that the shoulders thereof had been changed, similar to the change in the present case. The court said in that decision:

"The pavement was the same when the pictures were taken as when the accident occurred, and the general condition of the road was the same with the exception of the graveled shoulders, which was fully explained in the evidence. . . . It was not error to admit the photographs in evidence."

█ It is the province of the trial judge to determine whether a proffered photograph of the scene of an accident involved in the litigation fairly depicts the location and surrounding objects which are pertinent to the issues involved in the case. In the absence of an apparent abuse of discretion, or an affirmative showing of prejudice, the order admitting or rejecting a photograph will not be disturbed on appeal. (*Olson* v. *Meacham,* 129 Cal.App. 670, 673 [19 P.2d 527]; *Hayes* v. *Emerson,* 110 Cal.App. 470 [294 P. 765]; 32 C.J.S. p. 625, § 716; 10 Cal.Jur. p. 896, § 169.)

█ Finally, the appellants assign, as prejudicially erroneous, the giving of plaintiffs' instructions numbered 7, 8 and 9, which, in effect, directed the jury that if plaintiffs proved that the defendants left their truck and trailer parked on the public highway, outside of a business or residence district, and left them unattended during the nighttime, they thereby established a prima facie case of negligence and that the burden would then be imposed on the defendants to show

"by a fair preponderance of the evidence that it was not practicable for O'Brien to park said truck off of the main-traveled or paved portion of said highway."

We are of the opinion the court did not err in giving to the jury the said challenged instructions. We have read the entire charge to the jury which appears in the appendix to defendants' opening brief. The jury was very fully, fairly and correctly instructed on the essential principles of law which are involved in this case. In instruction number 4, sections 582, 583 and 584 of the Vehicle Code, which are applicable to this case, were given to the jury in the language of the statute. Section 582 provides that a vehicle shall not be parked on the paved or improved or main traveled portion of the highway when it is *practicable* to leave the machine off of such portion of the highway. Section 583 provides that when it is left standing on such portion of the highway, not less than 20 feet of such paved or main traveled portion of the highway shall be left "clear and unobstructed for the free passage of other vehicles." Section 584 provides that the previously mentioned restrictions shall not apply to a "disabled" vehicle when it is left on the highway "in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such *disabled* vehicle upon such part or portion of said highway."

The court properly instructed the jury that if it was satisfied from the evidence that the defendant, Mr. O'Brien, left the truck and trailer parked on the paved portion of the public highway, contrary to the provisions of section 582 of the Vehicle Code, that fact established a prima facie case of negligence on the part of the defendants, and that defendants then had the burden of proving "by a fair preponderance of the evidence that it was not practicable," under the circumstances of the case, to have parked the vehicles "off of the main-travelled or paved portion of said highway." (*Thomson* v. *Bayless,* 24 Cal.2d 543, 546 [150 P.2d 413]; *Scoville* v. *Keglor,* 27 Cal.App.2d 17, 32 [80 P.2d 162]; *Casey* v. *Gritsch,* 1 Cal.App.2d 206, 211 [36 P.2d 696]; *Callison* v. *Dondero,* 51 Cal.App.2d 403, 408 [124 P.2d 852].) In the Thomson case, *supra,* the Supreme Court said:

". . . The courts in this state have uniformly held for the past 12 years that a prima facie case of negligence is established under section 582 by proof that the vehicle was left on the paved portion of the highway outside of a business

or residential district and that the burden to show that it was not practicable to drive off the main traveled portion of the highway rests upon the operator of such vehicle.''

In the Casey case, *supra,* quoting with approval from *Watt* v. *Associated Oil Co.,* 123 Ore. 50 [260 P. 1012], the court said:

''. . . 'One who parks his automobile upon the public traveled part of a highway is *prima facie* a violator of the law, and it is incumbent upon him to show affirmatively that it was necessary for him to so park it at that time and place. It is not the duty of a party injured in a collision under such circumstances, to show that such parking was not necessary, but for the other party to bring himself within the exception provided by the statute.' ''

Likewise, in the case of Callison, *supra,* the court declared the same principle of law as follows:

''Having shown that the appellant did park his truck on the paved portion of the highway, and leave it unattended for a period of time, contrary to the provisions of the foregoing sections of the code [Sections 582 and 583 of the Vehicle Code], the burden was on him to show that it was not practicable for him to drive his machine off the highway on the shoulder thereof, and that he was not otherwise guilty of negligence in violating the provisions of those sections of the code.''

It will be observed that the challenged instructions do not charge the jury that the burden is on the defendants to prove they were not guilty of negligence. It is merely stated that, having established a prima facie case of negligence by showing that the defendants left their truck and trailer parked on the paved portion of the highway, it becomes the duty of the defendants to then prove, in accordance with the provisions of section 584 of the Vehicle Code, that their truck was so "disabled" that it was "impossible to avoid stopping and temporarily leaving such disabled vehicle upon such part or portion of said highway." That merely means that when the plaintiffs have established a prima facie case of negligence by showing that defendants violated the previous sections of the code, the defendants must prove that they were excused from violating the statute because they were unable to prevent it on account of the disability of their vehicle as provided by section 584. The questions of whether the defendants' vehicles were parked on the paved portion

of the highway contrary to sections 582 and 583, and whether their vehicles were so disabled as specified in the following section, are problems for the determination of the jury or the trial court. (*Scoville* v. *Keglor, supra,* at p. 33.) The burden of "proving negligence," which is always imposed on plaintiffs, and the burden of "producing evidence," on the part of defendants, to rebut or excuse such proved negligence, are entirely different and distinct principles of law, or rules of evidence.

The cases relied on by the appellants in support of their contention that the challenged instructions imposed too great a burden on them by declaring that they must prove the disability of their vehicles "by a fair preponderance of the evidence," are all based on the rule of evidence involving the doctrine of res ipsa loquitur, as illustrated by the cases of *Allbritton* v. *Interstate Transit Lines,* 31 Cal.App.2d 149 [87 P.2d 704]; *Smith* v. *Hollander,* 85 Cal.App. 535 [259 P. 958]; *Scarborough* v. *Urgo,* 191 Cal. 341 [216 P. 584], and *Armstrong* v. *Pacific Greyhound Lines,* 74 Cal.App.2d 367 [168 P.2d 457]. In such cases, where the mere inference of negligence is primarily established by proof of facts showing that the doctrine of res ipsa loquitur is properly involved, it was said that it is necessary for the defendants to rebut the inference of negligence on that account by proof which merely balances, offsets or equals the evidence regarding the application of res ipsa loquitur. But that rule of evidence is entirely different from the one which is involved in this case, in which affirmative proof of negligence was adduced by the plaintiffs by showing that the defendants violated an express prohibition of the statute. In the present case there was substantial evidence that defendant O'Brien parked his truck and trailer on the paved portion of the highway; that the distance from the truck to the center white line of the highway was only about six feet; that he did not leave 20 feet of the paved portion of the highway "unobstructed"; that at least four or five feet remained between the outer side of his truck and the ditch on his right-hand side, a portion of which he might have used to give approaching vehicles greater safety in passing his parked vehicles; that the opposite side of the highway had a much wider shoulder and might have been used without violating the statute, and that his truck was not so disabled as to prevent him from operating it on its own power, or so as to make it "impossible to avoid stopping"

on the paved portion of the highway in the dangerous position which his truck occupied for some ten hours, a portion of which time was after dark, and that he failed to place warning signals, or flares, the proper distance of 100 feet in advance and to the rear of his parked vehicles, as provided by section 590 of the Vehicle Code. ▮ Regarding the question as to whether the truck was so disabled as to render it impossible to drive it on its own power to a safe parking place, the operator, William O'Brien, testified that the truck merely had one broken rod connecting it with a piston in a cylinder, and that he did drive the truck a short distance after the rod broke. In response to the question, "Was there anything . . . to have prevented you driving say either to the left across the highway or another 6 feet ahead in the same direction you were traveling?" he replied, "Nothing other than taking a chance of breaking the block." The jury was therefore warranted in finding that the machine was not so disabled as to render it necessary to park on the paved portion of the highway.

We conclude that the challenged instructions were not prejudicially erroneous.

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.

A petition for a rehearing was denied February 14, 1947, and the following opinion was then rendered:

THE COURT.—On petition for rehearing it is contended this court failed to consider plaintiffs' challenged instructions numbered 3, 5 and 18. Other challenged instructions were specifically considered, and the said three instructions were generally considered. The court concluded by stating that the challenged instructions were not prejudicial or erroneous. But in view of the impression of appellants that the court failed to consider said instructions, the opinion is modified by adding thereto, on the last page, after the paragraph ending with the words, "paved portion of the highway," the following:

▮ Instruction number 3 is not erroneous. It merely informed the jury that when a machine is parked on the public highway contrary to law, the failure to place signal lights on the highway as required by statute constitutes negligence. We think that is a correct statement of the law. The jury was further and fully instructed on that subject in the language

of section 590 of the Vehicle Code. The jury could not have been misled by that instruction. All instructions must be read together.

⬛ Plaintiffs' instruction number 5 also appears to be a correct statement of the law. The jury was informed in the language of section 590 of the Vehicle Code that when a disabled truck is parked on the public highway it is the duty of the operator to immediately place warning signals 100 feet in advance and to the rear of the disabled vehicle, and that, upon proof that the defendants left their truck parked on the public highway, the burden was on them to show that they had complied with the statute in placing the warning lights before and behind the parked truck as required by law. We have previously held that the parking of a machine on the public highway contrary to the statute shifts the burden to the defendants to show that it was not practicable for them to park off the highway. We think the same principle applies to the foregoing instruction, and that the burden is then on the defendants to show by a preponderance of the evidence that they complied with the statute in placing the warning lights. There is evidence in this case that the flares were not placed 100 feet before and behind the truck as required by law. The foregoing instruction is therefore not erroneous or prejudicial.

⬛ Plaintiffs' instruction number 18 merely informed the jury that if the evidence shows that plaintiffs operated their machine as a reasonably prudent person would under the circumstances, they would not be guilty of contributory negligence. That instruction is in accordance with section 510 of the Vehicle Code, which provides that no person shall drive upon the highway at a speed greater than "is reasonable or prudent." In support of their contention that the foregoing instruction is erroneous, the appellants rely on the case of *Duncan* v. *J. H. Corder & Son,* 18 Cal.App.2d 77, in which it is said, at page 83 [62 P.2d 1387], that:

"Where a driver, as in the instant case, *has failed to conform to a statutory requirement,* he cannot establish freedom from responsibility on the ground that he acted as a prudent person would have acted." (Italics added.)

In that case the plaintiff sought to pass a truck on the highway without sounding his horn, thereby violating the provisions of section 528 of the Vehicle Code, by failing to give the "audible signal." Proof of the violation of the statute in that case established prima facie evidence of contributory

negligence on the part of plaintiff. In the Duncan case, the court refused defendants' proposed instruction that it was the duty of the operator of a vehicle "to sound a warning when passing or about to pass another vehicle." In the present case the question of the sounding of a horn by plaintiffs, or of the violation of any other statute, except by alleged excess speed, was not involved. It is apparent that it would be useless to sound a horn when approaching a truck parked on the highway, which was not occupied by any person. That instruction was therefore neither erroneous nor prejudicial.

With the foregoing amendment to our opinion, the petition for rehearing is denied.

Appellants' petition for a hearing by the Supreme Court was denied March 13, 1947.