[Civ. No. 6805. Third Dist. June 15, 1943.]

ELMER F. DICKEN et al., Appellants, v. OLIVER L. SOUTHER et al., Respondents.

204

Gumpert & Mazzera, Snyder & Snyder and J. Calvert Snyder for Appellants.

Van Dyke & Harris, Ralph McGee and Albert L. Brown for Respondents.

THOMPSON, J.—The plaintiffs have appealed from a judgment which was rendered against them in a suit for damages growing out of an automobile collision. The cause was tried with a jury which returned a verdict in favor of the defendants. A motion for new trial was denied.

A reversal of the judgment is sought on the ground that the court erred in its charge to the jury. It is asserted the court improperly refused plaintiffs' instruction number 12, defining the term "proximate cause" with relation to contributory negligence. It is also claimed defendants' instruction number 10, on the subject of contributory negligence, which is characterized as a formula instruction, constituted reversible error because it failed to include a reference to the doctrine of the "last clear chance."

On August 28, 1940, at 7:30 o'clock a. m., the plaintiffs, who are husband and wife, were riding in their Chrysler sedan automobile easterly along the public highway toward Jackson. Mr. Dicken was operating the machine. The highway

is paved fourteen feet in width. It extends through a mountainous country in the vicinity where the accident occurred. At that place the highway runs in an easterly and westerly direction, but in its course describes a letter "S." On the north side there is a three-foot shoulder beyond which there is an abrupt descent into a deep canyon. On the south side a steep embankment rises from the edge of the roadway to a height of fourteen feet, obscuring the view from the highway on either side. That portion of the roadway is termed a "blind curve."

The plaintiffs claim they were traveling at a speed of only twenty miles an hour. As the plaintiffs entered upon this curve from the west, the defendant, Oliver L. Souther, who was operating a Ford coupe on a business enterprise for his co-defendant, Belama Corporation, started to drive around the same curve from the east. Mr. Souther was returning from his employment in the corporation's mine at Jackson. The occupants of neither machine had any previous knowledge of the presence of the other machine. It satisfactorily appears that Mr. Souther was driving on his proper side of the highway at a speed of about 35 or 40 miles an hour. As he rounded the curve on the northerly side of the roadway adjacent to the canyon he first observed the plaintiffs' car also approaching from the opposite direction on the northerly side of the highway. There is a conflict of evidence regarding the positions of the respective machines and the conduct of their drivers just before the accident occurred, but Mr. Souther testified that Mr. Dicken continued to drive his machine on the northerly side of the highway until he reached a point 50 or 75 feet distant. He also said that Dicken was then gazing out into the canyon, and that he continued to do so until his wife, who sat by his side, called his attention to the approaching machine by touching his arm. The plaintiffs disputed this statement. Mr. Souther sounded his horn to warn Dicken of the danger. Being unable to turn his machine to his right on account of the proximity of the gulch and believing that a collision was otherwise inevitable, Mr. Souther, in the emergency, suddenly pulled his automobile sharply to his left and crossed to the southerly side of the road close to the embankment. Suddenly realizing his danger, Mr. Dicken also swerved to his right, and a collision occurred on the southerly side of the roadway. Both men applied their brakes as they turned their machines to

avoid the collision. Skid marks on the pavement corroborated the fact that both cars were traveling on the northerly side of the highway before the accident occurred. In a conversation which occurred just after the collision took place, Mr. Dicken admitted that he was traveling on the northerly side of the highway. Mr. Souther testified regarding the cause of the accident:

"I gave him the horn and I seen that he was looking into the canyon, and when I gave him the horn he didn't respond and I seen it was either a head-on collision or try to miss him, so I tried to—I turned to the south to avoid the accident, and he also—his wife heard the horn and she catched his arm, so in the meantime he tried to straighten back to his side of the road; then, of course, it was too late for me to get back on my side."

The foregoing evidence is sufficient to support the implied finding of the jury that the plaintiff, Elmer F. Dicken, was guilty of contributory negligence.

█ The appellants assign as reversible error the court's refusal to give to the jury their proffered instruction number 12. We think it was properly rejected under the circumstances of this case because it is misleading and erroneous. It may be a correct statement of law applicable to a case based on the negligence of a defendant in which the defense of contributory negligence is not an issue. In the present case the defendants relied chiefly on their plea of contributory negligence as a defense to the action. While this refused instruction purports to define the term "proximate cause of accident," it is clearly directed toward the doctrine of contributory negligence as a defense which might prevent them from recovering a judgment. In fact, it followed immediately their instruction number 11, which was upon the subject of contributory negligence. The rejected instruction reads:

"You are instructed that in order to find that an act or an omission contributed proximately to the cause of the accident in question, you must find that such act or omission, in natural and continuous sequence, unbroken by any efficient, intervening cause, produced the accident, and without which the accident would not have occurred. The act or omission must be the efficient cause—that is, the cause that necessarily sets in operation the factors that accomplish the accident."

In effect; the foregoing instruction informs the jury that even though they find that the negligence of the plaintiffs in

driving their automobile on the wrong side of the highway contributed toward the accident, it would not deprive them of the right to recover damages unless it was the sole and only negligent act "without which the accident would not have occurred." Certainly that is not a correct statement of the law applicable to a case in which the defendants rely on the defense of contributory negligence. The court gave an instruction in this case on the subject of contributory negligence which correctly stated the principle that if the jury found that the negligent acts of the plaintiffs contributed *in any degree* as a proximate cause of accident, it was a perfect defense to the action. That instruction reads in part:

"This is known as the defense of contributory negligence. To establish this defense, unless it is made to appear from plaintiffs' own evidence, the burden is upon the defendant to prove by a preponderance of the evidence that plaintiff Elmer F. Dicken was negligent in the operation of said Chrysler automobile and that such negligence on his part, if any, *contributed in some degree as a proximate cause of the injuries complained of.*" (Italics added.)

██ It is not true, in a suit where contributory negligence is an issue, that the negligence of the plaintiff must be the sole and only act or omission which directly causes the accident, and except for which the accident would not occur, to prohibit him from recovery on that ground. If a plaintiff's negligent acts or omissions merely concur or cooperate to some substantial extent with the acts and conduct of a defendant so as to proximately cause the accident, the plaintiff will be barred from recovery. Many California cases have so held. ██ The doctrine of contributory negligence which will prohibit a plaintiff from recovering damages for injuries received is based on "such an act or omission on the part of the plaintiff amounting to a want of ordinary care as *concurring or cooperating* with the negligent act of a defendant, was the proximate cause of the injury complained of." (*Gaster* v. *Hinkley*, 85 Cal.App. 55, 62 [258 P. 988]; *Montijo* v. *Samuel Goldwyn, Inc.*, 113 Cal.App. 57, 65 [297 P. 949]; *Church* v. *Payne*, 36 Cal.App.2d 382, 386 [97 P.2d 819]; 19 Cal.Jur. 644, sec. 74.)

In the case of *Church* v. *Payne, supra*, which is similar in regard to the issue which is here involved, an instruction to that effect appearing on page 386 was approved in the following language:

*"If you find from a preponderance of the evidence in this case that the plaintiff's injuries, if any, resulted from the combined negligence of the plaintiff and the defendant Marie Payne, such combined negligence, if any, both proximately contributing to the happening of the accident, then I charge you the plaintiff cannot recover."*

For the foregoing reason we conclude that the instruction in this case was properly refused.

The plaintiffs may not complain of the court's failure to give to the jury, on its own motion, a definition of the term "proximate cause of injury." They offered no instruction on that subject other than the erroneous one previously mentioned. After knowing that instruction had been rejected because it was not read to the jury, and after the jury had retired to deliberate on their verdict and subsequently returned into court for further instructions on the subject of contributory negligence which were again read to the jury, the court asked respective counsel if there were any other instructions which they wished then to offer for the jury. The plaintiffs failed to suggest the giving of an instruction defining the term "proximate cause of injury." No other instructions were then requested by plaintiffs. The failure to present a proper instruction on that subject prevents the plaintiffs from complaining on appeal of the court's failure to give the definition as an instruction to the jury. (*Brower* v. *Arnstein*, 126 Cal.App. 291, 299 [14 P.2d 863]; *Putnam* v. *Pickwick Stages*, 98 Cal.App. 268, 274 [276 P. 1055].)

The plaintiffs contend that their instruction number 15, which was given to the jury on the subject of the "last clear chance," and defendants' instruction number 10, which was also given to the jury, are prejudicially conflicting, for the reason that the last mentioned one does not include, as an exception to its application, the doctrine of the last clear chance. At the request of the plaintiffs the jury was separately fully and correctly charged regarding the doctrine of the last clear chance. The defendants earnestly contend the plaintiffs were not entitled to that instruction under the circumstances of this case. There is a serious doubt whether the instruction on the last clear chance should have been given to the jury, for the reason that the necessary elements which render it applicable appear to have been absent. But assuming, without so deciding, that it was properly given, we are of

the impression the failure to refer to it in defendants' so-called formula instruction did not mislead the jury. The record appears to refute the assumption that the plaintiffs were prejudiced thereby.

In the formula instruction on the subject of imputing the negligence of a husband to his wife so as to preclude both of them from recovering for her injuries, the plaintiffs' instruction on the last clear chance was not referred to. If the doctrine of last clear chance was a proper issue, it was not called to the attention of the jury in that challenged instruction on imputed contributory negligence.

The jury was elsewhere fully and correctly instructed on the subject of contributory negligence. Defendants' challenged formula instruction reads in part:

"If, therefore, you find from a preponderance of the evidence in this case that plaintiff Elmer F. Dicken was careless or negligent in the operation of the Chrysler automobile in which his wife Gertrude B. Dicken was riding, and that such carelessness or negligence on his part, if any, contributed proximately to this accident, it will be your sworn duty to decide this case against both Mr. and Mrs. Dicken and to return a verdict exonerating the defendants from all liability to both plaintiffs."

In this suit by both spouses for injuries sustained by the wife, and for damages for the loss of her services on that account, the jury was properly instructed that contributory negligence on the part of the husband would be imputed to his wife who accompanied him in the automobile, so as to preclude both of them from recovering damages, on the principle that such damages would become community property which would inure to the benefit of the spouse whose negligence contributed to the accident. (*Solko* v. *Jones,* 117 Cal. App. 372, 374 [3 P.2d 1028]; *Giorgetti* v. *Wollaston,* 83 Cal. App. 358, 362 [257 P. 109].)

It is insisted that the language of this instruction on imputed contributory negligence, standing alone, deprived the plaintiffs of their independent right to recover on the doctrine of last clear chance, notwithstanding their contributory negligence. It is true that numerous California authorities have announced the doctrine that:

"A so-called 'formula' instruction must contain all the elements essential to a recovery, and the absence of any one

of such elements may not be compensated for nor cured by a reference thereto in other instructions correctly and fully stating the law.'' (*Douglas* v. *Southern Pac. Co.,* 203 Cal. 390, 393 [264 P. 237]; *Jordan* v. *Great Western Motorways,* 213 Cal. 606, 609 [2 P.2d 786]; *Keller* v. *Pacific Tel. & Tel. Co.,* 2 Cal.App.2d 513, 521 [38 P.2d 182].)

In the Jordan case, *supra,* it is also said that:

''The failure of a 'formula' instruction to contain a reference to a defense *upon which no substantial evidence has been introduced, cannot be said to be prejudicially erroneous.''*

In the present case the doctrine of the last clear chance was not relied upon by the plaintiffs ''as a defense.'' It is true that they offered the instruction on that subject as an additional reason for recovery in the event that the jury should also find them guilty of contributory negligence. To refute the theory of prejudice on account of failure to refer to the instruction regarding the last clear chance in the imputed contributory negligence instruction, it may be said, in the language of the Jordan case, that ''no substantial evidence has been introduced'' on the subject of last clear chance. Moreover, the record appears to refute the charge that the jury was misled by failure to include the doctrine of last clear chance in the imputed contributory negligence instruction. The jury was fully and correctly instructed regarding the doctrine of contributory negligence. After the jury had retired and considered the evidence for some time, it returned into open court and requested further instructions on the subjects only, of: 1. The care which the driver of an automobile ''must exercise to keep a lookout for approaching traffic,'' 2. The law on *''recovery of a driver asking damages where he is negligent,''* and 3. ''The law on preponderance of the evidence necessary for the plaintiff.'' These were the specific subjects upon which the foreman requested the court to further instruct the jury. It is significant that the jury did not ask for further instructions on the subject of the last clear chance. We may reasonably assume they had determined there was no substantial evidence to support that doctrine. The court thereupon reread to the jury all of the instructions on contributory negligence, and upon the other requested subjects with the exception of the challenged imputed contributory negligence instruction.

The judge then asked the jurors if they desired any other instructions to be read to them, to which the foreman replied, ''That's all.'' The judge then addressed himself to the respective attorneys, stating that if there were any other instructions previously given which they might desire him to reread he would be glad to do so. This was a specific invitation to the plaintiffs to then suggest the reading of their last clear chance instruction, if they relied upon it, or thought that the jury might be misled by the omission to refer to it in the imputed contributory negligence charge. Plaintiffs' attorneys then offered no suggestion regarding the application of their last clear chance instruction. We think this record reasonably infers that the jury was not misled or the plaintiffs prejudiced by the giving of the challenged instruction. Except for this last mentioned instruction the jury was very fully and fairly charged on every material issue in the case.

After a careful examination of the record we are persuaded the verdict and judgment in this case did not result in a miscarriage of justice. Even conceding that the challenged instruction was an erroneous formula one, the provisions of article VI, section 4½, of the California Constitution provides that ''No judgment shall be set aside, or new trial granted, in any case, *on the ground of misdirection of the jury,* . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion *that the error complained of has resulted in a miscarriage of justice.*'' We are convinced the giving of the instruction complained of did not result in a miscarriage of justice.

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.