[Civ. No. 14288.   First Dist., Div. Two.   Aug. 10, 1950.]

CATHERINE LUNDIN et al., Appellants, v. SHUMATE'S PHARMACY, INC. (a Corporation), et al., Respondents.

Joseph A. Brown for Appellants.

Allan E. Charles, Harold S. Dobbs and Lillick, Geary, Olson, Adams & Charles for Respondents.

GOODELL, J.—This appeal is from a judgment on a verdict in favor of defendant.

The action was for damages for personal injuries sustained by appellant Catherine Lundin when she fell while entering the drugstore of respondent for the purpose of making a purchase.

Appellants' attacks are all aimed at the instructions, hence a very brief summary of the facts will suffice. The entrance to respondent's store, which is on the corner of 16th and Valencia Streets in San Francisco, is slightly above the sidewalk level. It is claimed that a slab of marble on the outer edge of the floor of the entrance was loose, and wet and slippery as well, and that when the appellant stepped onto the slab she lost her footing and fell. Her left leg was fractured in three places.

Appellants contend that the court erred in instructing the jury as to the duty of an owner to an invitee, in that the charge "omits all mention of any of the specific duties of the proprietor of a place of business to his customers and others who come upon the premises at his invitation." They also claim there was error in refusing to give certain instructions. These contentions will be discussed in detail.

The following instructions were given:

(A) "The owner or lessee of a building who, directly or by implication, invites others to enter owes to such persons who thus enter a duty to have his premises in a reasonably safe condition, and to give warning of latent or concealed perils and dangers."

(B) "He is not an insurer of such persons, nor does the mere occurrence of injury on such premises to such invitee create any presumption of negligence on the part of the owner. His responsibility is not absolute; he is required to use ordinary care for the safety of the persons he invites to come upon his premises. The true ground of liability rests on the owner's superior knowledge of the perilous condition and the danger therefrom to invitees, over the knowledge possessed by the invitee."

■ "An invitee is a person who has been invited by the proprietor of a certain business to go upon the latter's premises. Such invitation may be either express or implied."

(D) "If you believe from the evidence in this case that the plaintiff . . . was injured when entering the store of the defendant for the purpose of making a purchase of merchandise, the plaintiff . . . was an invitee in the sense which I have used that term and heretofore defined it."

(E) "In order to impose liability for injury to an invitee by reason of the dangerous condition of the premises, the defective condition must either have been known to the owner or occupant, or have existed for such time that it was the duty of the owner or occupant, by the exercise of reasonable care, to have known of such defect."

■ The first of this group (A), is characterized by appellants as "colorless" and "formal and minuscule." The only question is whether it was erroneous. The words "owner or lessee" were not misleading since the store was owned and operated by respondent (and so alleged by plaintiffs), under a month-to-month tenancy, and respondent was the only defendant before the court. The criticism of this instruction is not well founded.

■ Appellants tendered an instruction copied verbatim from *Madigan* v. *O. A. Hale & Co.,* 90 Cal.App. 151 at 159 [265 P. 574], which they claim should have been given. It is in 113 words and was less favorable to appellants than instructions (A), (B), (C), (D) and (E), which left no doubt that plaintiff *was* an invitee, while the one tendered said that the person entering "is *presumed* by law to be doing so on the invitation of the owner." Moreover (A) said it was the owner's duty "to give warning of latent or concealed perils and dangers," an element not found in the instruction tendered. The court in the Madigan case by no means gave this cloudy and wordy instruction its wholehearted approval. It said that it was but preliminary, "merely attempting to outline the general duty of defendant *without reference to any question of liability."* (Emphasis added.) The refusal to give the Madigan instruction was correct.

■ Appellants attack (B) above, and particularly its last sentence. They say it was gross error to tell the jury that the true ground of liability rests on the owner's superior knowledge of the perilous condition and the danger therefrom to invitees, over the knowledge possessed by the invitee. The evidence shows that the occasion in question was Mrs. Lundin's

first visit to the store, which had been there for a long time. In thus giving the jury the reason for the rule the instruction emphasized the difference between the "superior knowledge" of the owner over that of an invitee (visiting the store for the first time). There was nothing favorable to the respondent about this, and how appellants can complain is not understandable.

"This instruction" appellants argue "told the jury in plain terms that unless the defendant's knowledge of the condition of the step upon which plaintiff was injured was superior to that of the knowledge of the plaintiff, the defendant was not liable. The defendant could thus set up its own ignorance caused by its own negligence as a defense to the action." We disagree with any such interpretation.

The language of instruction (B) as a whole is a paraphrase of statements repeatedly found in the cases, among them *Mautino* v. *Sutter Hospital Assn.*, 211 Cal. 556, 560-1 [296 P. 76]; *Tuohy* v. *Owl Drug Co.*, 6 Cal.App.2d 64, 66 [44 P.2d 405], and *Crawford* v. *Pacific States S. & L. Co.*, 22 Cal.App. 2d 448, 449 [71 P.2d 333].

■ Appellants attack instruction (E) as an erroneous statement of the law, uncertain and misleading. They ask "How long must a defect exist before the owner or occupant . . . is under a duty to discover it?" In *Crawford* v. *Pacific States S. & L. Co.*, 22 Cal.App.2d 448, 449, *supra*, it is said: "The general rule is stated in 45 Corpus Juris, 837, section 245: 'In order to impose liability for injury to an invitee by reason of the dangerous condition of the premises the condition must have been known to the owner or occupant or have existed for such time that it was the duty of the owner or occupant to know of it' (Citing the California case, *Shanley* v. *American Olive Co.*, 185 Cal. 552 [197 P. 793].)" The instruction was phrased in substantially that language. The "question whether the condition which caused the injury had existed so long as to be discoverable by the defendant within a reasonable time is one for the jury" (*Rothschild* v. *Fourth & Market St. R. Co.*, 139 Cal.App. 625, 627 [34 P.2d 734], and its citations). Practically the same language was used in *Hatfield* v. *Levy Bros.*, 18 Cal.2d 798, 807 [117 P.2d 841], citing the Rothschild case. See, also, *Louie* v. *Hagstrom's Food Stores*, 81 Cal.App.2d 601, 607 [184 P.2d 708]. Moreover, as we have seen, the jury was told of "the owner's superior knowledge." There was no error in this instruction.

▉ The instructions (A), (B), (C), (D) and (E) nowhere expressly speak of an owner's duty to inspect his premises, and appellants contend that there is such a duty. They cite no California case of such a type as this, holding that the jury must be instructed on the duty of an owner to inspect. The cases they do cite deal with litigation of an entirely different nature. They cite *Basye* v. *Craft's etc. Shows,* 43 Cal.App.2d 782 [111 P.2d 746], where a bystander at a carnival lost an eye from the fragment of a deflected bullet in a shooting gallery, and *Sheward* v. *Virtue,* 20 Cal.2d 410 [126 P.2d 345], involving the liability of the manufacturer of a defective beauty parlor chair, each of them, obviously, a totally different type of case. The Sheward case cited *O'Rourke* v. *Day etc. Co.,* 31 Cal.App.2d 364 [88 P.2d 191], a case involving the inspection of a patented water heater. They rely, also, on *Spore* v. *Washington,* 96 Cal.App. 345 [274 P. 407], where the court, speaking of the boardwalk which did the damage, said "no part of it was concealed so as to make inspection difficult or dangerous" and "From the facts adduced the jury might easily have concluded that the slightest inspection would have disclosed the conditions actually existing." Whatever was said respecting *inspection* was not said in connection with instructions since the opinion points out (p. 351) that "Not one single complaint is made of any instruction and we, therefore, assume that the jury were fully and fairly instructed . . ." *Clampett* v. *Shopping Bag Markets, Inc.,* 29 Cal.App.2d 410 [84 P.2d 543], cited by appellants, was a slipping case, but it is not in point since the trial court there had directed a verdict for defendant (because it considered plaintiff guilty of contributory negligence as a matter of law) hence no problem of instructions was presented.

Moreover, appellants requested no instruction even mentioning *inspection.* (See 24 Cal.Jur. "Trial," § 74.) It may well be that no instruction was tendered because they could find no authority on which to base it.

▉ The four following instructions were given on ordinary care:

"By ordinary care is meant that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances."

"While proceeding to enter the premises at the time and place in question, the plaintiff, . . . was required to use ordinary care for her own safety."

"While Mrs. Lundin was under the duty of using ordinary care for her own safety, she was not obliged to search for defects, and she had a right to assume that the place where she stepped was reasonably safe, and a reasonably safe place, until she ascertained to the contrary."

"The law does not require the defendant to use any greater degree of care than the plaintiff was required to use for her own safety and protection in her use of the defendant's premises."

It is contended that the instructions imposed on the owner a lesser degree of care than that imposed on the invitee. It is difficult to follow this in view of the instruction already discussed respecting "the owner's superior knowledge of the perilous condition and the danger therefrom" and in view of the third instruction just quoted, which was clearly in appellants' favor and essentially in the form proposed by appellants, the variations being trifling.

It is contended that the court erred in instructing on contributory negligence. That defense was pleaded, and the case was tried by respondent on that theory. There were photographs in evidence showing the entrance to the store from several viewpoints and there was much testimony respecting its physical condition. The day was rainy and appellants concede that it is "a matter of common knowledge that marble is or may be extremely slippery in wet weather and that tiles are likewise slippery." Moreover, Mrs. Lundin testified that she just stepped up into the entrance without glancing down and there was other evidence from which the defense could legitimately contend that she was negligent. An instruction on contributory negligence was certainly proper.

What has just been said answers the claim that the following instruction should not have been given: "Where such danger is obvious, or is as well known to the injured invitee as to the owner, there is no liability upon the owner." The wording is not criticized, simply its applicability. If contributory negligence was in the case, this instruction was not improper.

Appellants tendered the following instruction: "You are instructed that one who during business hours lawfully enters a store to purchase goods, does so at the implied invitation of the owner, upon whom the law imposes the duty of exercising ordinary care and prudence to keep the entrance and passageway, in and through which, by its location and

arrangement, a customer in entering the said premises is induced or obliged to go, in a reasonably safe condition so as not to unnecessarily expose such customer to danger or accident.''

This was taken almost literally from *Thompson* v. *B. F. Goodrich Co.*, 48 Cal.App.2d 723, at 726-7 [120 P.2d 693], and it is urged that it should have been given, just as it is urged that the Madigan instruction should have been given. There is no doubt that this instruction contains a correct statement of the law, but the first four quoted herein (A to D) declared the law in equivalent language and there was no need for repetition.

It is claimed that the court failed to define ''ordinary care'' and ''proximate cause,'' both of which terms were used in the instruction on contributory negligence. Ordinary care was defined, as already quoted herein, but proximate cause was not. In three of their proposed instructions appellants used the term ''proximate cause'' or its equivalent but made no request for a definition of it. In the absence of such request they cannot now complain. (*Ambrose* v. *Allen*, 113 Cal.App. 107, 116 [289 P. 169], and *Dicken* v. *Souther*, 59 Cal.App.2d 203, 209 [138 P.2d 408] ; 24 Cal.Jur. ''Trial,'' § 74, *supra*.) *Spear* v. *Leuenberger*, 44 Cal.App.2d 236, 246 [112 P.2d 43], is not in point. There the court failed to define negligence for the jury in the conventional way or even approaching it, but told them that ''Want of ordinary care is called negligence'' and then failed to define ordinary care. Here the conventional definition of negligence was given as well as the definition of ordinary care. In the Spear case it is true the court failed to define proximate cause, but it is questionable whether, standing alone, that would have called for a reversal, in the absence of a request for it.

Appellants' proposed instructions II and VII were refused by the court in the form tendered, but were given in substance in (A), (B), (C), (D) and (E), defining an invitee and laying down the owner's duty.

To appellants' complaint that ''the court did not instruct the jury that the plaintiff could not be charged with contributory negligence because she might have avoided the accident if she had acted differently'' the answer is that they did not so request (24 Cal.Jur., ''Trial,'' § 74, *supra*).

Finally, it is claimed that reversible error was committed in refusing an instruction reading as follows :

"You are instructed, that even though you may believe from the evidence that the defendant (or its agents and employees) did not know of any defect in the marble step, yet, if *by the exercise of ordinary care you believe* the defendant could have discovered such condition, then, I charge you, the defendant may nevertheless be liable if you believe such condition existed at the time the plaintiff fell, and that such fall was proximately caused in part or entirely by said condition and proximately caused any injuries, you may believe the plaintiff suffered." (Emphasis added.)

The draftsman probably meant to say "yet, if you believe that the defendant, by the exercise of ordinary care, could have discovered such condition." As tendered, however, it extended the ordinary care rule to the functioning of the jury.

The jurors were told by (B) that the owner "is required to use ordinary care for the safety" of his invitee, and that such owner has "superior knowledge" over his invitee, and by (E) that "the defective condition must either have been known to the owner or occupant, *or have existed for such time that it was the duty of the owner or occupant, by the exercise of reasonable care, to have known of such defect.*" (Emphasis added.)

The instructions which were given were "clear and concise, complete, intelligible, unambiguous and certain" (24 Cal. Jur. "Trial," § 85). Why, then, add to the jurors' task the job of trying to grasp the meaning of an instruction which bears internal evidence of having been hastily and carelessly drawn and which tells them no more than they had been already told in conventional form? The tendered instruction, moreover, lacked the saving grace of adhering to "instructions which have been sanctioned by the appellate courts" (24 Cal.Jur. "Trial," § 84).

Appellants characterize the instructions as "one-sided," "half-hearted, misleading and colorless" yet they have produced no authority to convince us that there was error in the giving or the rejecting of any one of them.

"The charge must be read as a whole" (24 Cal.Jur. "Trial," § 113). When so read it was fair, comprehensive, and well-balanced.

We find no merit in any of appellants' points, most of which are extremely technical.

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.