[Civ. No. 20853.   Second Dist., Div. One.   Jan. 9, 1956.]

AMELIA M. LA GUE, Appellant, v. LOUIS DELGAARD et al., Respondents.

Betty & Campbell, Lionel T. Campbell and Marion P. Betty for Appellant.

James V. Brewer for Respondents.

DORAN, J.—This is an action for personal injuries suffered when plaintiff fell into a hole or depression in a nursery owned and operated by respondent Delgaard. A jury found a verdict for the defendant, a motion for new trial was denied, and plaintiff is appealing from the judgment rendered.

The record discloses that plaintiff, a camellia grower, had previously visited the respondent's nursery, and on May 20, 1950, again visited the nursery to purchase camellia stock and asked for Earl Woodard who had previously waited on plaintiff. After ordering 50 ''Cheerful'' camellias, plaintiff was shown additional varieties arranged in rows on the ground between 30 and 36 inches apart. According to appellant's brief, ''As appellant was thus walking along the rows and conversing with Woodard, she stepped into a hole in the ground, about 14 inches deep and at least this wide, first with her right foot, and thereafter fell to the ground with the left foot going into the hole also.''

As a result of the fall, plaintiff suffered a fracture of the tibia and fibula. ''About two weeks after being off her crutches, Mrs. LaGue, while in her back yard fell, by virtue of the right ankle turning, as a result of which she broke her second right toe. In January, 1951, the right ankle turned again, causing her to fall, and since the fall in March, 1950, the right ankle has been weak and caused her to fall many times.''

It is appellant's contention that certain statements of Juror Nina Fitch given on *voir dire* examination ''constitute prejudicial misconduct and prevented plaintiff from having a fair trial.'' This is based upon the affidavit of another juror, Esther B. Schrader, that Nina Fitch, after the present case

had been concluded and while en route to another case, stated to Mrs. Schrader, "I always tell a lie every time I get in the jury box when they ask 'would you want a juror in your frame of mind to be a juror for you?' and I say 'Yes'; but I am prejudiced"; that in the instant case Juror Fitch on *voir dire*, gave such an affirmative answer to such a question. Mrs. Schrader's affidavit further avers that on the same day Miss Fitch stated in reference to the instant case, "You know, that attorney, Mr. Betty, is Jewish, and I have a hard time not being prejudiced against that race," whereupon affiant told Miss Fitch "that she did not think that this was right and that she, affiant, was going to the judge and 'let the chips fall where they may'; that some time later in the day said Nina Fitch did ask affiant to let the matter ride."

As said in *People* v. *Thomas*, 108 Cal.App.2d 832, 837 [239 P.2d 914], "Where misconduct of a juror is urged, prejudice from that misconduct must be shown. . . . The trial court passed upon the matter and by its denial of the motion for a new trial, determined that the alleged misconduct of the juror was not prejudicial. There is no showing of abuse of discretion. Under such circumstances, the trial court's decision will not be disturbed on appeal."

In the instant case, no prejudice has been shown. The burden of showing such prejudice rests upon the appellant. As mentioned in the respondents' brief, the juror's statements were not made during the course of the trial; the verdict rendered was 10 to 2 in favor of the defendant, and such verdict is amply supported by substantial evidence. Regardless of Juror Fitch's alleged misconduct, there is nothing to indicate that the rights of the plaintiff to a fair trial were in any manner prejudiced. There is therefore no reason to disturb the trial court's finding in this respect.

The appellant also contends that "The court prejudicially erred in admitting in evidence the defendant's Exhibits A, B, C, and E, pictures of area in question." The complaint here is that the photographs were taken sometime in 1953, three years after the accident. Plaintiff testified they were not fair representations of the appearance of the rows of camellias, etc. However, as admitted in appellant's brief, "passage of time alone . . . will not warrant its exclusion from evidence, if the other factors of necessary authentication are present," and "There is no doubt but that the trial Court has wide discretion in the admission of photographs."

The record discloses that the photographs in question were authenticated by testimony to the effect that the exhibits were a fair illustration of the area, and there is nothing to indicate that the trial court committed any abuse of discretion in admitting the same in evidence. The statement of the reviewing court in *Barone* v. *Jones,* 77 Cal.App.2d 656, 660 [176 P.2d 392, 177 P.2d 30], is here applicable; "The photographs were not admitted as a stage setting to mislead the jury. They were admitted to show the general condition . . . ."

■ Prejudicial error is assigned in reference to the trial court's refusal to give certain requested instructions relating to defendant's constructive notice of the hole in question, and plaintiff's alleged contributory negligence. As mentioned in appellant's brief, the matter of constructive notice was dealt with in the B.A.J.I. instruction No. 213-C, which says that "if they were discoverable by him in the exercise of ordinary care, it is his duty to give reasonable warning of such danger to the invitee." Likewise the court gave to the jury the standard B.A.J.I. instructions bearing on contributory negligence.

■ It must be presumed that the jury was composed of intelligent people and that they understood the instructions given. (*Ward Land etc. Co.* v. *Mapes,* 147 Cal. 747, 750 [82 P. 426].) Viewed as an entirety the instructions given present no prejudicial error, and adequately cover the issues of constructive notice and contributory negligence.

The verdict and judgment are supported by the evidence, and the record discloses no prejudicial error.

The judgment is affirmed.

Fourt, J., and Nourse (Paul), J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.