[Civ. No. 449.   Fifth Dist.   Feb. 11, 1965.]

AGNES T. MORRIS, Plaintiff and Appellant, v. ASSO-CIATED SECURITIES, INC., Defendant and Respondent.

Peter M. Koutchis and A. Richard Backus for Plaintiff and Appellant.

McGregor, Bullen & Erich and Donald McGregor for Defendant and Respondent.

BROWN (R. M.), J.—This appeal originated in an action for damages for personal injuries sustained by the appellant when she slipped and fell on the premises of respondent. She appeals from an adverse judgment, after a jury trial, in favor of respondent.

Respondent operated a laundromat, which facilities the appellant had been using for approximately two months since its opening. Before installing the equipment on the premises, the respondent had painted the cement floor with a red cement deck paint of good quality. There was no attendant on continuous duty, but an employee of respondent came in twice daily for one and one-half to two hours to do janitorial work, and had been there on the morning of the accident here involved, cleaning the premises, and remained there for approximately 45 minutes.

The appellant had gone to the laundromat on that day at approximately 10:30 a.m. to do her laundry. Having been a customer of the laundromat, she knew that the floor was painted. On the morning of the accident she deposited her laundry in the washers, turned the washers on, and started to go outside to get some detergent. At about her second step she felt something hard under the sole of her right, wedge-heeled shoe. Her foot slipped backward and she fell, sustaining severe injuries. Appellant did not know what the object was, nor did she observe anything on the floor.

The president of respondent corporation arrived at the laundromat at approximately 11 a.m., inspected the surface of the floor, and could not see any water, soap, vegetation, gravel, rock, or anything that would cause a fall. The maintenance employee also returned after the appellant had been removed to the hospital and was unable to find anything that would cause such a fall.

An expert witness, Dr. Paul L. Kirk, Professor of Criminalistics at the University of California, produced by plaintiff, testified that he had made experiments on the floor of the laundromat using one of the shoes of the appellant. He testified as to the safety rate of the coefficient of friction as applied to the floors in this particular case, that where the appellant fell, the rate was .28; that where the paint was worn and virtually missing, it was .38; and that the lowest safety rate of coefficient of friction as applied to floors is .40. However, summing up, his testimony was that, "An unpainted concrete floor of this type is less slippery than a painted floor."

Appellant complains of an instruction given by the trial judge on his own motion, as follows: "The deft., Assoc. Sec., Inc., as operator of the Laundromat establishment, may not be held liable for an injury suffered by its customer, Mrs. Morris, which resulted from a defective or dangerous condition, such as a foreign object or substance on the floor, not caused by the defendant itself and of which the deft. had no knowledge, unless that condition existed for such length of time that if the defendant had exercised ordinary care, the condition could have been discovered and remedied before the injury occurred.

"In this connection you may consider the fact that no attendant was present at the Laundromat while Mrs. Morris was there. Whether the failure to have an attendant present at all times is a breach of duty to exercise ordinary care to discover and warn of unsafe conditions is a question of fact for you, the jury, to decide, taking into consideration the nature of the business and all the facts of the case.

"Such would be the applicable rule if you find that the accident was caused by a dangerous condition not created by the defendant. On the other hand, if the accident resulted from a dangerous condition of the premises created by the defendant itself, then proof of the defendant's knowledge of the unsafe condition is not necessary. Such knowledge is imputed to the defendant."

Appellant argues that the instruction is incomplete. It is

her theory that the instruction covers the situation where the fall was caused by a foreign object, in which case appellant must show actual or constructive knowledge on the part of respondent, or where the fall was caused by a condition caused by the respondent, i.e., the painting of a smooth cement floor, in which case knowledge is imputed, but that it fails to cover the theory that the accident could have resulted from a combination of a foreign object caused to be placed on the floor by persons unknown, coupled with the slippery condition of the floor.

Appellant relies on cases dealing with combinations of factors which caused falls. In *Schaff* v. *Meltzer*, 382 Pa. 43 [114 A.2d 167, 64 A.L.R.2d 331], where a nonsuit for the defendant was reversed, the evidence showed that the plaintiff-invitee fell down a stairway, the floor being irregular, the place unlighted, and the handrail giving way. In *Murphy* v. *S. S. Kresge Co.* (Mo.App.) 239 S.W.2d 573, the plaintiff testified that she had slipped on slush and snow that had been carried into the premises on the feet of third persons and that her heel caught in a long crack in the floor so that she fell. In *Hastings* v. *F. W. Woolworth Co., Inc.*, 189 Minn. 523 [250 N.W. 362], the plaintiff claimed she had stepped on a waxy paper and that her heel had caught in a small hole in the floor, causing her to fall. These cases do not have any persuasion in the circumstances of the instant case. They deal with the sufficiency of the evidence of negligence on the part of the respective defendants in maintaining known dangerous conditions viewed by the reviewing court in the light of the presumptions controlling review of a nonsuit, directed verdict and judgment for the plaintiff.

The appellant also argues that this instruction sets out an exception and quotes from volume 2 of Witkin's Summary of California Law, Torts, section 258, page 1454, with reference to a landlord's having a duty to correct or warn against known dangerous conditions, to keep the premises in a reasonably safe condition, and particularly so where the landlord has actual knowledge of the danger. Thus, appellant claims that the instruction was misleading and incomplete and therefore erroneous, and further, that the error was not waived by the failure to request an instruction correctly defining the duty (35 Cal.Jur.2d, Negligence, § 135, at page 653; *Sexton* v. *Brooks*, 39 Cal.2d 153, 156 [245 P.2d 496]).

It is presumed, or assumed, that the jury did in fact understand the instructions, as stated in 4 California Juris-

prudence 2d, Appeal and Error, section 569, at page 442, as follows: "Because it is assumed that jurors are ordinarily intelligent, it will not be assumed that they may not have understood instructions in the manner the court intended."

In *Zuckerman* v. *Underwriters at Lloyd's*, 42 Cal.2d 460, 478-479 [267 P.2d 777], and again in *Nunneley* v. *Edgar Hotel*, 36 Cal.2d 493, 500 [225 P.2d 497], the Supreme Court said: "It must be assumed that the jury understood the instructions and correctly applied them to the evidence." To the same effect are *Davis* v. *Franson*, 141 Cal.App.2d 263, 273 [296 P.2d 600], and *LaGue* v. *Delgaard*, 138 Cal.App.2d 346, 349 [291 P.2d 960].

█ If an instruction is so garbled that persons of ordinary intelligence cannot understand it, the person aggrieved has a right to complain. Here, the appellant has not established that the instruction was such that persons of ordinary intelligence were unable to understand and apply it. The instruction was neither misleading nor erroneous nor incomplete.

█ The first paragraph of the instruction tells the jury that the defendant may not be held liable for an injury which resulted from a defective or dangerous condition not caused by the respondent itself and of which respondent had no knowledge unless that condition existed for such length of time that if the respondent had exercised ordinary care the condition could have been discovered and remedied before the injury occurred.

The appellant's theory was that she was injured because of two conditions, (1) the allegedly unusually slippery condition of the floor caused by the paint over cement, and (2) an alleged foreign substance which she felt but did not see and could not describe.

It is clear that the respondent caused the floor to be painted, but the source and nature of the foreign substance were unknown and there was no evidence that it was placed on the floor by respondent or its officers or agents. Thus, the first paragraph of the instruction correctly states the law. See *Chance* v. *Lawry's, Inc.*, 58 Cal.2d 368 [24 Cal.Rptr. 209, 374 P.2d 185]; *Bridgman* v. *Safeway Stores, Inc.*, 53 Cal.2d 443 [2 Cal.Rptr. 146, 348 P.2d 696]; *Florez* v. *Groom Development Co.*, 53 Cal.2d 347 [1 Cal.Rptr. 40, 348 P.2d 200]; *Hunter* v. *Mohawk Petroleum Corp.*, 51 Cal.2d 439 [334 P.2d 193]; *Perez* v. *Ow*, 200 Cal.App.2d 559 [19 Cal.

Rptr. 372]; *Hale* v. *Safeway Stores, Inc.*, 129 Cal.App.2d 124 [276 P.2d 118].

The second paragraph relates to the question of whether the respondent exercised sufficient care to discover and correct any dangerous condition which might have been created by persons other than itself. The appellant did not suffer from this second paragraph of the instruction because it left in the hands of the jury the question of whether negligence could be found, based on the presence of a foreign substance or object, even with no proof whatsoever as to how long the substance had been present.

The last paragraph of the instruction clearly separated the negligence concept into two parts, negligence related to a condition created by respondent, and negligence originating through the conduct of someone other than respondent and its employees. Thus, it tells the jury that notice was required to be proved if the condition was created by a third person but that, if respondent created the condition, notice was not required to be proved.

Respondent also answers by referring to one of the other instructions given in this matter, as follows: "The owner or operator of a business establishment is required to keep the premises in a condition reasonably safe for his customers. Thus it was the duty of the defendant, as operator of the Fluff and Dry Laundromat, to keep the premises in a condition reasonably safe for the plaintiff Mrs. Morris."

Respondent states that this instruction was very favorable to the appellant and that the correct rule is that: "A possessor of land, buildings, or business premises owes to invitees the duty to exercise reasonable care to prevent their being injured on the premises. He must use due care in making the premises reasonably safe for invitees, and must warn them of latent dangers." (35 Cal.Jur.2d, Negligence, § 108, p. 615.)

Appellant attacks other instructions given and proffered instructions refused, relating to the duty of an occupier of land to warn an invitee of latent or concealed perils. She relies on the rule that where the proprietor has notice of the dangerous condition or is presumed to have knowledge of it since he created it, and the condition is unknown to an invitee, the proprietor has a duty to warn that the condition exists, citing *Lundin* v. *Shumate's Pharmacy, Inc.*, 98 Cal.App.2d 817 [221 P.2d 260], and *Locke* v. *Red River Lbr. Co.*, 65 Cal. App.2d 322 [150 P.2d 506]. Appellant argues that the court in the present case gave several instructions on respondent's

duty to warn. On its own motion, the court instructed in the following language: ''The owner or operator of the business premises is entitled to assume that its customer will perceive that which would be obvious to him or her upon the ordinary use of her senses. In brief, no duty exists to give the customer notice of an *obvious* danger.''

Appellant states that this is negative instruction. It is a portion of BAJI No. 213-C (Revised), which both appellant and respondent requested.

It should be noted, in connection with appellant's complaints hereinafter set forth that the court refused to give instructions which she requested, counsel has quoted in his brief only language as used in BAJI, taken from those instructions. However, in each case, the actual instructions as requested contained language from BAJI, modified or adapted by language from Witkin lifted out of context, or language from case decisional law, also lifted out of context. Appellant's grievance therefore seems to be that the court failed to give a paragraph or two which does follow BAJI out of lengthy instructions, a portion of which was of counsel's own devising. The appellant's requested instruction, which the court refused, reads as follows: ''Toward an invitee, those who joined in the invitation, expressed or implied, are required to exercise ordinary care to keep the premises in a condition reasonably safe for the invitee in the reasonable pursuit of a purpose embraced within the invitation.

''But the responsibility of one having control of the premises is not absolute; it is limited to the performance of certain duties defined in my instructions. If there is danger attending upon the entry, or upon the activity which the invitee is to do on the premises, and if such danger arises from conditions not readily apparent to her senses, and if the invitor has created such conditions or has actual knowledge of them, or if they are discoverable by the invitor in the exercise of ordinary care, it is the invitor's duty to give reasonable warning of such danger to the invitee. The invitor is not bound to discover defects which reasonable inspection would not disclose, and the invitor is entitled to assume that the invitee will perceive that which would be obvious to her upon the ordinary use of her own senses. In brief, no duty exists to give the invitee notice of an *obvious* danger.

''However, lack of knowledge of a dangerous condition on the premises by the invitor (the defendant in this case) is not a defense. The invitor has an *affirmative duty* to exer-

cise ordinary care to keep the premises in a reasonable safe condition, and therefore, must *inspect* them or take other proper means to ascertain their condition. And if, by the exercise of reasonable care, the invitor would have discovered the dangerous condition and he does not, then the invitor's failure to discover such dangerous condition, is negligence.

"In the absence of appearances that caution her, or would caution a reasonable prudent person in like position, to the contrary, the invitee has a right to assume that the premises she was invited to enter are reasonable safe for the purposes for which the invitation was extended, and to act on that assumption.

"A modification of form 213-c (revised) Baji; 2 Witkin Summary of California Law-1455, Torts Sec. 260."

The first sentence of the third paragraph of the instruction as quoted above, "However, lack of knowledge of a dangerous condition on the premises by the invitor (the defendant in this case) is not a defense," is not an accurate statement of the law. It is based on a sentence appearing in volume 2, Witkin's Summary of California Law, Torts, section 260, at page 1455. Reference to the text (§§ 260, 261) will disclose that the author points out that lack of knowledge is not a defense if the defect was discoverable upon reasonable inspection; that lack of knowledge *is* a defense if the evidence is not sufficient to show that the invitor had either actual or constructive knowledge, and that even lack of inspection will not result in liability if the condition which caused the injury was so hidden or trivial that inspection would not have revealed it. Thus, the one sentence standing alone would certainly lead to an understanding of the law which is not correct.

In *Kading* v. *Willis,* 135 Cal.App.2d 82, 93-94 [286 P.2d 861], it is said: "It is true that one who would complain of an absence of instruction on a material matter or of need of clarification or elaboration in an instruction which is correct as far as it goes must tender an appropriate request or be precluded from claiming error, . . ."

And in *Peri* v. *Los Angeles Junction Ry. Co.,* 22 Cal.2d 111, 129 [137 P.2d 441], the court said: "At most it was an incomplete instruction and defendant did not request any supplement or amplification of the instruction. It cannot now complain."

The instruction requested by appellant which contained the statement to the effect that the invitor's lack of knowledge of a dangerous condition on the premises is not a defense, was

properly refused by the court. The court was under no duty to correct the proffered instructions, as is written in volume 48, California Jurisprudence 2d, Trial, section 170, page 202: "The court is not bound to separate the good part of an instruction that is bad in part, and may refuse to give even the good part. Nor is it required to modify a requested instruction that is incorrect in whole or in part."

The appellant also complains that the court refused her proffered instruction which is adapted from the case of *Bridgman* v. *Safeway Stores, Inc., supra,* 53 Cal.2d 443, 446-447. The proffered instruction reads as follows: "It is the general rule that the proprietor of a business who knows of, or by the exercise of reasonable care could discover, an artificial condition upon his premises which he should foresee exposes his business visitors to unreasonable risk, and who has no basis for believing that they would discover the condition or realize the risk involved, is under a duty to exercise ordinary care either to make this condition reasonably safe for their use, or to give a warning adequate to enable them to avoid the harm.

"Where the dangerous condition is brought about by natural wear and tear or by third persons, the invitor, in order to be held liable, must have had either actual or constructive knowledge of the condition or have been able to discover it by exercise of ordinary care and the condition must have been one which the owner should have realized it's involving an unreasonable risk to invitees."

The court, however, on its own motion, gave the following instruction: "The owner or operator of a business establishment is required to keep the premises in a condition reasonably safe for his customers. Thus it was the duty of the defendant, as operator of the Fluff and Dry Laundromat, to keep the premises in a condition reasonably safe for the plaintiff, Mrs. Morris."

Appellant claims that the court did not instruct the jury as requested, as follows: "In the absence of appearances that caution her, or would caution a reasonably prudent person in like position, to the contrary, the invitee has a right to assume that the premises she was invited to enter are reasonably safe for the purposes for which the invitation was extended, and to act on that assumption."

However, this is only a fragment of the instruction requested by the appellant. The instruction itself contains the language, "Lack of knowledge of a dangerous condition on the premises by the invitor (the defendant in this case) is

not a defense," which was lifted out of context from volume 2, Witkin's Summary of California Law, Torts, section 260, page 1455, and used by counsel to improve upon BAJI No. 213-C as written. As requested, the instruction contains too broad a statement, without the qualifications which the law imposes.

■ The appellant also argues that the instruction on "obvious danger" given by the court with no instruction on duty to warn combined to give the appellant an erroneous burden of proof and failed to properly instruct the jury on the law applicable to the case. She concedes that her instruction as requested contained an additional paragraph (which is a stranger to BAJI) which she claims correctly stated the law, but she argues that there is no reason why the court should not have instructed at least on that portion taken from BAJI, approved in numerous cases, which both respondent and appellant requested in this case.

The respondent concedes that toward the business invitee the possessor of land owes the duty to exercise reasonable care to make the land safe or to ascertain the actual condition of the land and warn of the danger. There can be no duty to warn unless the possessor of land has knowledge, actual or constructive, of the dangerous condition. (Rest., Torts, § 343.) When the danger is known in fact, or when it has existed for such a period of time that it could have been discovered upon the making of a reasonable inspection, a duty to warn exists. But when the invitor does not know in fact or constructively of the existence of the danger, he cannot warn concerning that of which he has no knowledge. In this case there was only the weakest kind of evidence that respondent should be charged with knowledge of the foreign substance or object. It knew, of course, that the floor was painted with good quality cement deck paint, since it put it there, but whether the paint made the floor dangerously slippery was one of the very issues disputed and litigated. Respondent contends that it was under no duty to warn of the presence of the foreign substance unless the evidence showed that respondent was aware of its presence. It was under no duty to warn of the slippery condition of the floor unless the floor was in fact slippery, and that fact was known to respondent.

The reference to warning contained in the second paragraph of the "notice" instruction above quoted, was sufficient for the guidance of the jury. The jury was told that, "Whether the failure to have an attendant present at all

times is a breach of duty to exercise ordinary care to discover and warn of unsafe conditions is a question of fact for you, the jury, to decide, . . .'' While this relates to any foreign substance, the presence of the paint was well known to both the respondent and the appellant and there is no evidence that the respondent had any knowledge that the paint made the floor slippery, if in fact it did. It took an expert on coefficient of friction to determine this fact.

As to the instruction on ''obvious danger'' which the court gave on its own motion, it must be remembered, that the appellant had been to the laundromat at weekly intervals prior to the date of the fall since its opening. She knew of the presence of the paint. The respondent was not an expert on the coefficient of friction concept and there is no evidence that respondent knew of any hidden danger in the floor.

The appellant makes other statements in the conclusion of her opening brief that the court failed to properly instruct the jury on proximate cause, and that it should have given BAJI No. 104-D in addition to 104. No arguments are made, no authority is cited, and no prejudice is shown. A point suggested by appellant's counsel, with no supporting arguments or authority, will be deemed to be without foundation and require no discussion. (See *Thompson* v. *Keckler,* 228 Cal.App.2d 199, 213 [39 Cal.Rptr. 267].)

The jury was properly instructed on every material issue raised by the evidence, i.e., negligence on either the foreign substance theory or the paint theory or on both theories; and that the plaintiff was injured and that the injury was proximately caused by respondent's negligence. If convinced, the jury could have found respondent liable.

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.