[Crim No. 1371. Fourth Dist. Sept. 11, 1958.]

THE PEOPLE, Respondent, v. ALPHONSO MIKE,
Appellant.

Alphonso Mike, in pro. per., and E. Werden Conway, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

MUSSELL, J.—Appellant was charged with the wilful, unlawful and felonious possession of the narcotic marijuana in violation of section 11500 of the Health and Safety Code. He admitted two prior felony convictions charged in the information. He was found guilty by a jury of possession of narcotic, to wit, marijuana, and it was adjudged that he be punished by imprisonment in the state's prison. It is stated in appellant's notice of appeal that "he will take, appeal in forma pauperis, from the verdict of the Superior Court of San Diego county. . . ." ▇ No appeal lies from a "verdict." (*People* v. *Goldstein*, 136 Cal.App.2d 778, 793 [289 P.2d 581].) ▇ However, appellant was acting in propria persona and notices of appeal should be liberally construed to permit, if possible, a hearing on the merits. (*Collins* v. *City & County of San Francisco*, 112 Cal.App.2d 719, 722 [247 P.2d 362].) We will, therefore, in the interest of justice, review the merits of defendant's appeal. (*People* v. *Robinson*, 43 Cal.2d 143, 146 [271 P.2d 872].)

On October 26, 1957, Champion Williams entered a room which he had previously rented to the appellant and found therein, under the seat of a chair, three packages containing

marijuana. The packages were wrapped in a newspaper bearing the date October 20, 1957, which was the date on which appellant had rented the room. Williams telephoned the police and when they arrived, appellant ran from the dining room into the kitchen and attempted to leave the premises through the back door. He was placed under arrest and his room was searched by the officers. In addition to the packages found by Williams, the officers found an empty tobacco can which appellant stated that he had used to "put things in." Particles of marijuana were found in this can, in the debris removed from the pockets of the clothing worn by appellant at the time of his arrest, and in the debris removed from the pockets of clothing hanging in appellant's room. Appellant stated that no one else had worn the clothing since he had acquired it a few months previously and that it had all been cleaned several times since its acquisition. He also stated he had not used any marijuana since he "got out of the pen," where he had smoked some during his term. Appellant also claimed that he was being "framed" by his landlady, Mrs. Williams.

Appellant first contends that the trial court was guilty of prejudicial misconduct in permitting the district attorney to make inflammatory statements and prejudicial misconduct in referring to alleged actions of the appellant prior to the alleged commission of the present offense, imputing to appellant a disposition of idleness, disposition toward falsehoods and association with alleged criminals and persons of ill repute. This contention is not supported by any argument, citation of authority, or transcript reference, and will, therefore, be disregarded. (*People* v. *Serpa*, 67 Cal.App.2d 327, 333 [154 P.2d 6] ; *People* v. *Van De Wouwer*, 91 Cal.App.2d 633, 641 [205 P.2d 693].)

Appellant's next contention is that the trial court and the district attorney prejudicially erred in commenting on the evidence during the trial and before the jury. It is claimed in this connection that such conversation was at the bench and concerned a request by defense counsel for withdrawal. However, we are unable to find any reference in the transcript to such a conversation and appellant has not set forth in his brief, or otherwise, the remarks, if any, upon which he predicates error. As was said in *People* v. *Rocha*, 130 Cal. App.2d 656, 663 [279 P.2d 836] :

"The law is clear that 'any irregularity in the conduct of the trial court, and its possible effect on the outcome of the

case, can only be considered on appeal to the extent that the facts in relation thereto are clearly set forth in the record.' (4 Cal.Jur.2d, § 468, p. 298.) If defendant desires this point considered, it was incumbent upon him to present a supplementary record which would lay an appropriate foundation therefor.''

██ If such a conversation took place, it was incumbent upon appellant to have it included in the record. (*People* v. *Simeone*, 132 Cal.App.2d 593, 595 [282 P.2d 971].)

██ It is further argued that the court gave improper instructions to the jury. However, the instructions are not contained in the record on appeal and the correctness of instructions not incorporated in the record must be presumed and will not be reviewed on appeal. (*People* v. *Brickman*, 119 Cal.App.2d 253, 264 [259 P.2d 917]; *People* v. *Denne*, 141 Cal.App.2d 499, 514 [297 P.2d 451].)

██ Finally, appellant claims that the court committed prejudicial error in admitting the testimony of an officer to the effect that he had investigated a great number of cases involving possession of marijuana and in all except two of such cases, where the defendant admitted the possession of marijuana on his person, it was found in the investigation that dregs and particles of said marijuana were found in each of said cases to be in the pockets of the accused. There was no reversible error in admitting this evidence. ██ As is said in *People* v. *Geibel*, 93 Cal.App.2d 147, 176 [208 P.2d 743]:

''The examination of an expert witness as to his qualifications and competency before he gives his opinion is a question of procedure which lies within the discretionary power of the trial court. Unless there is an obvious abuse of discretion an appellate tribunal will not interfere with the ruling.''

The sufficiency of the evidence to support the judgment in the instant case is not argued as a ground of appeal and counsel for appellant concedes that the first three contentions on appeal do not constitute reversible error. We have examined the entire record, including the reporter's transcript of the proceedings at the trial, and find no reversible error in the rulings made by the trial court.

Judgment affirmed.

Griffin, P. J., and Coughlin, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.