[Civ. No. 9568. Fourth Dist., Div. One. Mar. 16, 1970.]

BARBARA WARD, Plaintiff and Appellant, v.
DANIEL LITOWSKY, JR., et al., Defendants and Respondents.

## COUNSEL

Webb & Webb and John A. Webb for Plaintiff and Appellant.

Spray, Gould & Bowers and Ronald F. Burns for Defendants and Respondents.

## OPINION

**AULT, J.**—Barbara Ward appeals from a judgment entered upon a jury verdict awarding her $411.90 for personal injuries and property damage which she claimed to have incurred in an automobile collision. She contends the verdict is inadequate and that various errors and irregularities occurring at the trial contributed to the low award. No reporter's transcript has been furnished; the appeal is taken on a settled statement pursuant to rule 7 of California Rules of Court.

Appellant's brief, totaling four and one-half pages, contains neither the topical index nor the table of authorities required by rule 15 of California Rules of Court. It does not properly frame appellate issues, frequently fails to make appro-

priate references to the record, and presents matters beyond the scope of the record. In other instances, it raises the claim of error without supporting authority or argument. On the whole, it is a remarkably inept and inadequate example of appellate advocacy.

■ Appellant's first contention of error is framed in the following manner: "Improper instructions to the jury, particularly Vehicle Code sections 21802 and 600." Nothing further is stated; nowhere is the contention supported by either authority or argument. We are not obliged to comment further. We deem the point raised to be without foundation, requiring no discussion. (*In re Steiner,* 134 Cal.App.2d 391, 399 [385 P.2d 972]; *Thompson* v. *Keckler,* 228 Cal.App.2d 199, 213 [39 Cal.Rptr. 267]; *Morris* v. *Associated Securities, Inc.,* 232 Cal.App.2d 220, 231 [42 Cal.Rptr. 607].)

Appellant next contends error because of:

"Conduct of Counsel for Defendants prejudicial to Plaintiff, in his arguments to the jury:

"(a) By derisively referring to Plaintiff as a 'divorced person'; and that on the day following the collision herein, Plaintiff's husband filed a Declaration in Plaintiff's then pending divorce action which contained 'matters of inflammatory nature', and stating to the jury that this tended to prove Plaintiff was confused, emotionally unstable, and generally mentally unbalanced, at the time of the accident, so that Plaintiff did not see Defendant's vehicle;

"(b) By stating, after the Court had ruled inadmissible the said husband's Declaration, 'testimony is being withheld from the jury';

"(c) By stating Plaintiff's Counsel had breached his duty to the jury and to Defendants, by waiver of an opening statement.

"(d) By stating that the law did not permit the jury to award damages to Plaintiff for any humiliation or embarrassment, as such were not general damages as matter of law.

"(Plaintiff's Declaration Supporting Plaintiff's Motion for New Trial.)"

■ Again appellant does not support the claim of error by either authority or argument. Moreover, as indicated, she does not cite the settled statement on appeal to establish that the alleged prejudicial remarks were made. Instead our attention is directed to plaintiff's declaration supporting her motion for new trial. Manifestly, that declaration is not a substitute for the reporter's transcript, or in this instance, for the settled statement on

appeal, nor can it be relied upon to establish what was said by anyone in the course of the trial.

By our own observation, the settled statement not only fails to support appellant's claim the remarks were made, but in some instances directly refutes it. ■ Since the record does not show defendants' counsel made the remarks, we need not consider the contention they were prejudicial. A claim of error must be supported by an adequate record. (*Calhoun* v. *Hildebrandt,* 230 Cal.App.2d 70, 72 [40 Cal.Rptr. 690].) If appellant wished us to consider whether the alleged remarks prejudicially affected the jury's verdict, she should have presented us with a record which included them. (*People* v. *Mike,* 163 Cal.App.2d 466, 468-469 [329 P.2d 519].)

Finally, appellant contends the verdict, which she states in her brief to be the sum of her automobile repair bill and dental expense to the time of trial, "demonstrates on its face that the jury did not comprehend what they were to consider in determining the damages to be awarded the plaintiff."

The only injury plaintiff claimed to have incurred in the collision was to her two front upper teeth. She recalled "gritting her teeth" just before the minor impact. At the time of trial, some four years later, the two teeth had become discolored, devitalized and needed capping. Just when the condition developed with relation to the accident is not clear from the settled statement which also leaves the causal relationship between her dental problem and the accident open to doubt. Apparently appellant had a serious orthodontic problem involving the particular teeth which antedated the collision and was unrelated to it.

■ In the first instance, it was for the jury to fix the amount of damages to be awarded. Appellant's contention the amount fixed was too low was passed upon by the trial judge, who denied her motion for new trial. Unlike this court, he saw and heard the witnesses, including appellant, and possessed the power to pass upon their credibility. The determination of the question rests largely in his discretion, and his denial of the motion is an indication he approved of the fairness and sufficiency of the verdict. (*Gersick* v. *Shilling,* 97 Cal.App.2d 641, 645-648 [218 P.2d 583]; *Dimmick* v. *Alvarez,* 196 Cal.App.2d 211, 215-216 [16 Cal.Rptr. 308]; *Miller* v. *San Diego Gas & Elec. Co.,* 212 Cal.App.2d 555 [28 Cal.Rptr. 126]; *Calhoun* v. *Hildebrandt, supra,* 230 Cal.App.2d 70, 73-74.) ■ "Normally, the appellate court has no power to interfere except when the facts before it suggest passion, prejudice or corruption upon the part of the jury, or where the uncontradicted evidence demonstrates that the award is insufficient as a matter of law." (*Gersick* v. *Shilling, supra,* 97 Cal.App.2d 641, 645.)

Well established appellate rules will not permit us to reverse the judgment upon the record before us.

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.